## LAUBENHEIMER VS. MANN.

Contracts in general restraint of trade are void.

But contracts in partial restraint of trade only, may be supported, if reasonable and founded on a good and valuable consideration.

A. sold two village lots adjoining the premises owned and occupied by himself, to B., and, in part consideration of such sale, took from B. a contract not to sell any spirituous liquors on the lots in less quantity than a half-barrel. *Held*, that the contract was not void on the ground that it was in restraint of trade.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint in this action alleges that on the 6th of February, 1859, at the village of Richfield in Washington county, the plaintiff and defendant entered into an agreement, whereby, in part consideration of the sale of two lots in said village, next adjoining the premises owned and occupied by the plaintiff, the defendant agreed not to give or to sell, at any time, any spirituous liquors in any smaller quanti-

ty than a half-barrel; and that the defendant thereupon executed a certain sealed instrument, which is set forth in the complaint in *haec verba*. The instrument purports to be executed on said 6th of February, and states, in substance, that *Laubenheimer* had on that day deeded to *Mann* said two lots for $350, on the express condition that *Mann* should not have the right to sell thereon, at any time, any kind of spirituous liquors in less quantity than a half-barrel; and that for the first violation of this condition the vendee should pay the vendor "a fine of $10," for the second, $20, and for every subsequent violation, $50. The complaint then alleges the frequent violation of said condition by the defendant, and his agents, servants or tenants occupying the premises, to the plaintiff's damage in the sum of $15,000, for which he demands judgment. The defendant demurred to the complaint as not stating a cause of action, and appealed from an order overruling the demurrer.

*Frisby & Weil*, with whom were *Austin & Pereles*, for appellant:

1. The instrument set forth in the complaint, being in restraint of trade, to be valid should show upon its face, 1st. That there was a good and sufficient consideration. 2d. That there were good reasons for making the agreement. 3d. That the obligor would receive some advantage, or the obligee some injury, from a breach of the contract, or both. 4th. That the restraint is partial and not total. 5th. That the restraint is reasonable, and no greater restriction imposed than is necessary for the protection of the obligee in his particular trade or business. 1 Smith's L. C., 515, 521; *Ross vs. Sadgbeer*, 21 Wend., 166; *Chappel vs. Brockway*, id., 157; *Mitchel vs. Reynolds*, 1 P. Wms., 181; 3 Br. P., 349; 10 Mod., 27, 85, 131; 1 Br. C. C., 418; 7 Mod., 230; 5 Term, 118; 2 Saund., 156, (note 1); 2 Str., 739; 2 Ld. Ray., 145-7; *Gale vs. Reed*, 8 East, 86; *Dunlop vs. Gregory*, 6 Seld., 241; *Horner vs. Graves*, 7 Bing., 744. Unless the instrument set forth in the complaint contains with-

in itself these requisites, it is void, and cannot be the foundation of an action. 2. It being evident that the sums stipulated to be paid in case of a breach of the contract are in the nature of a penalty, the plaintiff cannot recover unless he show special damages. But the complaint contains no allegation of facts which show that the plaintiff has sustained any damages.

*Smith & Cotzhausen*, for respondent.

*By the Court*, DIXON, C. J. The only question properly presented for our review, is, whether the contract set forth in the complaint, and upon which this action is instituted, is void because made in restraint of trade. We are clearly of opinion that it is not.

Contracts in general restraint of trade are void; but if in partial restraint of trade only, they may be supported, provided the restraint be reasonable and the contract founded on a good and valuable consideration. This distinction was early taken, and has always prevailed both in England and in this country. Contracts in partial restraint are such as operate only as to particular places and persons, or for a limited time. Instances of the latter kind are very numerous, and the contract before us adds but another to the long list to be found in the books. It is limited and particular, the defendant having covenanted not to sell any kind of spirituous or ardent liquors, wine or beer, in quantities less than one half barrel, upon two lots in the village of Richfield in this state. He could sell upon the adjoining lots, or he could cross the street, or sell in any other part of the village. It is impossible to say that the public would suffer any damage or inconvenience from such restriction; or that it comes within the reason assigned for the difference between contracts in general restraint of trade and those which are in partial restraint of it only, and for which the former are declared void, whilst the latter are supported. It does not tend to promote monopoly, or to discourage industry, enterprise or just competition. It is, therefore, a valid

limitation upon the uses to which the defendant might appropriate the lots. Similar limitations are frequently found in leases and policies of insurance; and it has never been supposed that they were inconsistent with the policy of the law with respect to trade.

For a case in all respects analogous to this, we refer to *Holmes vs. Martin*, 10 Geo., 503.

Order affirmed.