Palmer and another vs. Toms and another.

PALMER and another, Respondents, vs. TOMS and another, Appellants.

*May 6 — May 21, 1897.*

*Contracts: Restraint of trade: Nature of vendee's interest.*

1. An agreement by the vendors of a livery and funeral business not to engage in similar business in the same city for five years, and to pay ten dollars per day as stipulated damages for each day's violation thereof, is valid.

2. The interest of the purchasers of a business in an agreement by the
vendor not to engage in a similar business for a limited time ceases
when they dispose of the business, and they cannot recover for a
subsequent breach.

APPEAL from a judgment of the circuit court for La Crosse
county: O. B. WYMAN, Circuit Judge.   *Affirmed.*

Plaintiffs owned an old established livery and funeral busi-
ness, so called, in the city of La Crosse, Wisconsin.   They
sold such business to the defendants, with the good will
thereof and all personal property used therewith, for the
sum of $13,000, and leased to defendants, for use in such
business, the barn and premises where the same had been
theretofore carried on.   As an inducement to defendants to
make the purchase at said sum of $13,000, plaintiffs agreed
in writing that neither of them would engage in the same
kind of business in the city of La Crosse for the term of five
years, and that, in case of a breach of such agreement on the
part of either of them, they would, for each day such breach
continued, pay to the defendants the sum of $10.   Some time
after the transaction referred to, defendants, with others,
formed a corporation, called the "City Livery Company,"
to conduct the business purchased by defendants as afore-
said, and to such company said business and the property
purchased therewith were transferred, but without the con-
tract in restraint of plaintiffs' engaging in the business being
specially mentioned.   Subsequently, *John V. Palmer,* in vio-
lation of the aforesaid contract, again entered into a livery
and funeral business in the city of La Crosse, and thereafter,
upon default being made by defendants and their grantee
(the said livery company) in the payment of the rent due on
the barn leased as aforesaid, brought suit therefor against
defendants, and they counterclaimed for damages for the
aforesaid breach of contract.   On the trial no question was
raised as to the amount of rent due upon the lease.   Proof
was made on the part of defendants of the allegations of the

Palmer and another vs. Toms and another.

counterclaim, in accordance with the aforesaid statement. The trial court held that defendants were not entitled to recover on such counterclaim, and directed judgment for plaintiffs for the rent due. Judgment was thereupon entered in plaintiffs' favor, from which this appeal was taken.

*C. L. Hood*, for the appellants.

For the respondents there was a brief by *Higbee & Bunge*, and oral argument by *E. C. Higbee*.

MARSHALL, J. The general rule that contracts in restraint of trade are void has its exceptions, one of which is that, for the protection of the good will of an established business, the owner of the same may make a sale thereof with such business, and, as an inducement to the purchaser to buy, part with his liberty to engage in the same business for such limited time and within such limited territory as may be reasonably necessary to protect the purchaser in the enjoyment of such business. With the limitations indicated, the public is not necessarily deprived of the vendor's industry. Such vendor is but partially prevented from pursuing his occupation. He receives a valuable consideration for the restraint upon his own liberty; and the vendor becomes possessed of substantial benefits by the transaction, without material injury, if any, to the public. Hence the objections are obviated which generally render contracts in restraint of trade void, and they are sustained by universal authority. *Laubenheimer v. Mann,* 17 Wis. 542; *Fairbank v. Leary,* 40 Wis. 637; *Berlin Machine Works v. Perry,* 71 Wis. 495; *Washburn v. Dosch,* 68 Wis. 436; *Richards v. Am. D. & S. Co.* 87 Wis. 503; *Williams v. Farrand,* 88 Mich. 473; *Oregon Steam Nav. Co. v. Winsor,* 20 Wall. 64; *Johnson v. Gwinn,* 100 Ind. 466; 3 Am. & Eng. Ency. of Law, 882, and notes. The essential element of reasonableness requires that the vendor shall not part with his liberty of action to any greater extent than is reasonable, having regard

to the circumstances of the given case. The question in that regard, when the validity of the contract is judicially called in question, is one of law for the court. *Richards v. Am. D. & S. Co.*, *supra*. In *Washburn v. Dosch*, *supra*, the property sold consisted of the goods and good will of a mercantile business. The vendor agreed not to engage in the same business, in the particular village in which such business was located, for five years. This court sustained the contract. In *Johnson v. Gwinn*, *supra*, the property sold consisted of the stock and personal property used in a livery business. There was an agreement not to engage in the same business, in the village where such business was located, for the term of five years, and that, if default was made, the vendor should pay to the vendee $2,500 as liquidated damages. The court held the contract valid. In the instant case, the agreement made by respondents, not to engage in the business sold, for a period of five years, and, for failure to keep the agreement, to pay $10 per day, as stipulated damages for each day's violation thereof, appears to be unassailable, within the authorities cited and the well-established principles governing the subject. All the requirements of a binding contract in restraint of the vendors' liberty of action are present: The restraint was partial, it was supported by a valuable consideration, and was reasonable, in the light of all the attending circumstances.

The only other question that need be considered is whether, after the sale by appellants of the business and good will to the corporation, any beneficial interest in the agreement in restraint of respondents' liberty to engage in such business still remained with appellants, so they could enforce it in case of a breach. The theory of appellants' counsel is that the beneficial interest in the contract attached to them as a personal matter, and remained with them to protect their vendees, or, if not, that it did not pass to such vendees, because not specially mentioned as a part of, or in con-

nection with, the property sold. To determine the question thus presented, the nature of the contract must be understood. It does not constitute a distinct property right, independent of the business it was designed to protect, any more than the good will itself. The purpose of the contract being to protect the property or business to which it related, it was an incident of, and adhered to, such property and business. It could not otherwise exist. That is the theory upon which the courts have sustained such contracts. In discussing this subject in *Gompers v. Rochester*, 56 Pa. St. 194, where the precise contention was made as here insisted upon by appellants, it was said by THOMPSON, C. J., that "the fallacy of the position of the plaintiffs in error seems to consist in regarding the covenant as attaching or incident to them personally; whereas it was alone an incident to the property which they had parted with, and the business also. It would not have been binding for want of a consideration, unless as incident to the property. . . . I doubt if any case can be found in which such a covenant has been enforced where it had no effect to protect the business or trade of the covenantee. Indeed, it would be against public policy and every principle upon which such contracts are sustained." The facts of the case there under consideration were that the person with whom the contract was made had sold the property such contract was designed to protect, to another; and, some time after such sale, such person brought suit against his vendor for a breach of the contract. The court held that, if a breach existed, the right of action was in favor of the second vendee; that it passed to him by the sale of the business, and as an incident thereto; that, after such sale, the first vendee could not be injured by a breach of the contract, for all interest in it had passed from him by the transfer of the property to which it inseparably adhered, so that, if a breach existed at all, the cause of action accrued in favor of the second vendee.

To the same effect are Allen, Good Will, 28; *Bird v. Lake,* 1 Hem. & M. 338; *Benwell v. Inns,* 24 Beav. 307; *Hedge v. Lowe,* 47 Iowa, 137; *Davies v. Davies,* 58 Law T. R. (N. S.), 209; *Jacoby v. Whitmore,* 49 Law T. R. (N. S.), 335. The same principle was applied in *Listman Mill Co. v. William Listman Milling Co.* 88 Wis. 334, where the question involved was whether a trade-mark which had been adopted and used for a long time as the designation of the product of a particular manufactory, passed as an incident or adherent of the business by a sale of the property. It was held that, the use of the trade-mark being to protect the particular industry, it passed, as an incident of it, by a sale and transfer of the business.

Without further discussion, it is manifest from what has preceded that at the time of the commencement of this action the defendants had no interest in the contract under consideration, because they had theretofore ceased to be the owners of the livery business to which it related. Therefore the decision of the trial court, directing a verdict in plaintiffs' favor, was right, and the judgment appealed from must be affirmed.

