COTTINGTON, Appellant, vs. SWAN, Respondent.

*April 17—May 8, 1906.*

*Contracts in restraint of trade: Reasonableness: Validity.*

1. A contract in restraint of trade will not be held invalid if the restraint imposed is reasonable with reference to the situation, business, and objects of the parties and is not specially injurious to the public.

2. A contract by the vendor of a livery business in a village, with its good will and equipment, not to engage in that business directly or indirectly in that village while the purchasers or their heirs, executors, or administrators should be engaged in such business in the village, is *held* reasonable and valid.

APPEAL from an order of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Reversed.*

The plaintiff alleges that on May 2, 1904, he and one C. B. Ackley purchased defendant's livery business, good will, and property, consisting of the usual equipment for conducting such a business, located in the village of Bloomer in this state; that they paid for such business, property, and good will the sum of $800; and that defendant duly transferred it to them upon payment of the specified consideration. The defendant, as a condition of such sale and transfer, covenanted and agreed as follows:

"And I do further covenant and agree to and with the parties of the second part and their heirs, executors, and administrators that I will not engage in the livery business, either directly or indirectly, or be or become in any manner employed or connected with such business in the village of Bloomer in the county of Chippewa and state of Wisconsin, so long as the said parties of the second part or either of them or their heirs, executors, or administrators shall engage in such livery business within said village."

The plaintiff has acquired from C. B. Ackley all rights, interest, and causes of action arising out of such contract, and since such transfer has been and is now engaged in conducting the livery business so purchased from defendant. The complaint further alleges:

"That the said defendant, in violation of said agreement and shortly after the making of the same and prior to the time of the commencement of this action, returned to and commenced conducting the livery business at said village of Bloomer and . . . has been engaged and is still engaged and continues in the business of letting horses and rigs for hire in said village."

The complaint demands as relief that defendant be restrained from conducting a livery business in violation of his contract, and the recovery of $1,000 damages, claimed to have been sustained before the commencement of this action on account of defendant's violation of the contract.

The defendant demurred to the complaint on the ground

that it appears upon the face of the complaint that the same does not state facts sufficient to constitute a cause of action. The court made an order sustaining the demurrer and plaintiff duly filed an exception. This is an appeal from such order.

The cause was submitted for the appellant on the brief of *Henry Lebeis, Jr.,* attorney, and *W. H. Stafford,* of counsel, and for the respondent on the brief of *W. H. Bowe.*

SIEBECKER, J. The only ground of objection urged to the complaint is that the contract upon which recovery is claimed by the plaintiff is in restraint of trade and the courts therefore will not enforce it nor consider the question of injury resulting from its breach. Contracts in restraint of trade have been repeatedly considered by this court and held to be void as against public policy, "unless limited, as to time, space, and extent of trade, to what is reasonable under the circumstances of the case, because they tend to deprive the public of the services of the persons in those capacities in which they are most useful, and also tend to expose the public to the evils of monopoly." *Tecktonius v. Scott,* 110 Wis. 441, 86 N. W. 672. Condemnation of contracts of this nature has been quite universal by the courts, upon the ground that no person should be permitted to so contract as to preclude himself from following a lawful occupation for the benefit of himself and of those dependent upon him, or to deprive the public of his industry. The vital question in the consideration of every such contract is whether the restraint imposed is reasonable under the circumstances with reference to "the situation, business, and objects of the parties," and if "the restraint contracted for appears to have been for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between them and not specially injurious to the public, the restraint will be held valid." *Hubbard v. Miller,* 27 Mich. 15; *Oregon S. Nav. Co. v. Winsor,* 20 Wall. 64. In the

following cases in this court involving contracts of this kind the determination rested upon these grounds, and if the restriction was found reasonable and just the contracts were sustained as valid; if they unreasonably restricted the parties so as to restrain them from pursuing their occupations or deprived the public of their industry they were held invalid: *Kellogg v. Larkin,* 3 Pin. 123; *Laubenheimer v. Mann,* 17 Wis. 542; *Washburn v. Dosch,* 68 Wis. 436, 32 N. W. 551; *Berlin M. Works v. Perry,* 71 Wis. 495, 38 N. W. 82; *Richards v. Am. D. & S. Co.* 87 Wis. 503, 58 N. W. 787; *Palmer v. Toms,* 96 Wis. 367, 71 N. W. 654.

Under the contract in question defendant sold his livery business and its good will to plaintiff and Ackley for a valuable consideration and agreed not to engage in that business directly or indirectly in the village of Bloomer while the purchasers or either of them "or their heirs, executors or administrators [should] be engaged in such business within said village." It is apparent that the restraint contracted for was a material consideration in inducing plaintiff and his associate to make this purchase from the defendant for the purpose of conducting a livery business in this village, and, under the circumstances, it seems reasonable to assume that defendant could not have secured the consideration obtained for such sale but for the covenant not to engage in such a business in the village of Bloomer. That these considerations must have entered into the making of this contract is apparent from its terms. Are its terms unreasonably restrictive, and is the public thereby deprived of defendant's industry? Manifestly he is not precluded from pursuing this business anywhere outside of this village, and he may engage in any other business within or outside of the village. Under its terms the village may have this very business continued within its limits, for the agreement is that he shall not engage in it so long as it is conducted and carried on by the purchasers or their personal representatives or heirs. If they cease to conduct this

business at any time, immediate or remote, then defendant may conduct it without restraint. The claim that such restraint would tend to subject the public of this village to a monopoly in this business as conducted by plaintiff is·rather a remote speculation, for this field·of enterprise for conducting such a business and competing with plaintiff for the public patronage is open to the whole world. Viewing the restrictive provision of this contract as applied to the situation of the parties it is manifest that it was made for the honest purpose of affording a reasonable and fair protection to the interests of the plaintiff in whose favor it was made, and that it was a reasonable one as between them. Under these circumstances and conditions we do not find that the restriction imposed is unreasonable in its operation and likely to cause injury to the public, nor is it an unreasonable restraint upon defendant in the pursuit of his occupation. This makes it a valid contract and entitles plaintiff to relief if defendant has breached it and caused him injury. In the following cases similar contracts have been passed upon and held to be reasonable in their restraint as to time and space and therefore valid: *Cook v. Johnson,* 47 Conn. 175; *Dakin v. Williams,* 17 Wend. 447; *Beal v. Chase,* 31 Mich. 490; *Warfield v. Booth,* 33 Md. 63; *Linn v. Sigsbee,* 67 Ill. 75; *Angier v. Webber,* 14 Allen, 211, 92 Am. Dec. 748, with a full note.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to enter an order overruling the demurrer and for further proceedings according to law.