KRADWELL and others, Respondents, vs. THIESEN and another, Appellants.

*February 19—March 19, 1907.*

*Contracts: Restraint of trade: Validity: Transfer of good will: Sale of corporate stock: Breach: Temporary injunction: Discretion.*

1. A contract in general restraint of trade is void as being against public policy; but a particular restraint of trade within reasonable limits, having regard to the interests of the party contracted with, is valid.
2. An agreement by the vendor of shares of stock in a drug company that he would not either directly or indirectly, in his own name or as stockholder or as agent, engage in the business of selling drugs either at wholesale or. retail, or conduct a drug store, in the same city for a period of five years, did not impose a restraint larger than was reasonable for the protection of the purchasers, and was valid.
3. The fact that the sale of the stock did not transfer any title to the good will of the business—that being the property of the corporation itself—did not render the agreement invalid.
4. Upon a showing that the vendor in such case had, within the time limited, entered the employ of another drug company in the same city and had assisted in the management of the business of said company, the granting of a preliminary injunction restraining him from doing any of the things which he had agreed not to do was not an abuse of discretion.

APPEALS from orders of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This is an action to restrain the defendant *Thiesen* from selling drugs or conducting a drug store in Racine, contrary to his agreement with the plaintiffs executed June 23, 1903. It appears and is undisputed that for some time prior to February 9, 1895, *Thiesen* owned and operated a drug store in Racine under his own name. February 9, 1895, the Robinson Drug Company was incorporated with *Thiesen* as one of its stockholders and directors, and thereupon *Thiesen* conveyed and transferred to the said Robinson Drug Company all

of his interest and good will in his drug business in Racine. January 1, 1900, the corporate name of the association was by amendment changed to the Kradwell-Thiesen Drug Company; and the association continued to do such drug business in that name in Racine until January 26, 1905. While so doing business and while said *Thiesen* and the three *Kradwells* (plaintiffs) owned capital stock in that association, *Thiesen* agreed to sell and transfer his forty-five shares of such stock to the three *Kradwells* mentioned, or some of them, for $5,000 then paid, in consideration of which, and as a part of the same agreement, the said *Thiesen* then and there under his hand and seal agreed and bound himself in writing with the said *Kradwells* that for and during a period of five years from and after June 23, 1903, being the date of the agreement first mentioned, he would not either directly or indirectly, in his own name or as stockholder or as agent, engage in the business of selling drugs either at wholesale or retail, or conduct a drug store, within the corporate limits of Racine.

It appears that at the time of the commencement of this action, June 12, 1906, the *Kradwells* were, and still are, the sole owners of the capital stock of the plaintiff *Kradwell Drug Company* [formerly Kradwell-Thiesen Drug Company]; that for at least thirty days immediately preceding the commencement of this action the defendant *Thiesen* had openly breached and broken his said contract of June 23, 1903, and by the procurement of the defendant *Red Cross Drug Company*, acting with full knowledge of such agreement, engaged with said last-named company as its manager or managing agent or superintendent in charge of the stores of that company in Racine, and also had assisted that company in the management of its business. Upon an order to show cause and hearing had, the trial court on July 17, 1906, granted a temporary injunction restraining the defendant *Thiesen* from doing any of the things he had agreed not to do in his agreement of June 23, 1903, upon giving the undertaking therein

prescribed. From such injunctional order the defendant *Thiesen* appeals.

August 1, 1906, the complaint was amended, making the allegations somewhat stronger as to the *Red Cross Drug Company*. To such amended complaint each of the defendants separately demurred, and each of such demurrers was by a separate order overruled by the court, and from such orders overruling the same the defendants separately appeal.

For the appellants there was a brief by *Palmer & Gittings,* attorneys, and *James G. Flanders,* of counsel, and oral argument by *Mr. C. C. Gittings* and *Mr. Flanders.* They contended, *inter alia,* that the complaint does not show a breach of the contract. An allegation that the defendant *Thiesen* is manager or managing agent or superintendent in charge of stores, if it can be treated as an allegation that he acts in either of these capacities, does not bring the case within the terms of the contract. *Battershell v. Bauer,* 91 Ill. App. 181; *Grimm v. Warner,* 45 Iowa, 106; *Eastern Exp. Co. v. Meserve,* 60 N. H. 198; *My Laundry Co. v. Schmeling,* 129 Wis. 597, 109 N. W. 540.

For the respondents there was a brief by *Simmons, Nelson & Walker* and *Kearney, Thompson & Myers,* and oral argument by *W. D. Thompson* and *John B. Simmons.* They argued, among other things, that an agreement by a stockholder, on the sale of his stock in a corporation, whether to another stockholder or to a third person, not to engage in a similar business for a limited time and in a limited territory, is valid and enforceable in favor of the corporation. The purchase of the stock is a sufficient consideration to support the agreement. *Up River Ice Co. v. Denler,* 114 Mich. 296, 72 N. W. 157, 159, 68 Am. St. Rep. 480; *Nat. E. & S. Co. v. Haberman,* 120 Fed. 415, 422; *Knapp v. S. Jarvis Adams Co.* 135 Fed. 1008, affirming *S. C.* 121 Fed. 34. As to what constitutes a violation of an agreement such as the one in question, see *Nelson v. Johnson,* 38 Minn. 255, 36 N. W. 868;

*Finger v. Hahn,* 42 N. J. Eq. 606, 8 Atl. 654; *Richardson v. Peacock,* 28 N. J. Eq. 151, 155; *Guerand v. Dandelet,* 32 Md. 561, 3 Am. Rep. 164, 167, 170; *Davis v. Barney,* 2 Gill & J. 382, 402; *Heichew v. Hamilton,* 4 G. Greene, 317; *Pohlman v. Dawson,* 63 Kan. 471, 88 Am. St. Rep. 249; *Pittsburg S. & R. Co. v. Pa. S. Co.* 208 Pa. St. 37, 57 Atl. 77; *Duffy v. Shockey,* 11 Ind. 70, 71 Am. Dec. 348, 350; *Knapp v. S. Jarvis Adams Co.* 135 Fed. 1008, 1014.

Cassoday, C. J.   The principal controversy in this case is as to whether the written agreement of June 23, 1903, "is absolutely void as a matter of law." The contents of the agreement are sufficiently set forth in the foregoing statement. Counsel for the defendant is undoubtedly right in claiming that "a contract in restraint of trade is presumably void as against public policy." The general rule, as deduced from the English adjudications, seems to be:

"A contract in general restraint of trade is illegal and void as being against public policy; but a particular restraint of trade within reasonable limits, having regard to the protection of the interests of the party contracted with, is valid." *Mallan v. May,* 11 M. & W. 653, 6 Eng. Rul. Cas. 392.

The adjudications of this court are in harmony with the rule stated. *Washburn v. Dosch,* 68 Wis. 436, 32 N. W. 551; *Richards v. Am. D. & S. Co.* 87 Wis. 503, 512, 58 N. W. 787; *Palmer v. Toms,* 96 Wis. 367, 369, 71 N. W. 654; *Cottington v. Swan,* 128 Wis. 321, 107 N. W. 336; *My Laundry Co. v. Schmeling,* 129 Wis. 597, 109 N. W. 540, 545, 546.   As stated by Mr. Justice Pinney in the *Richards Case,* cited, such contract is not void in case it is "founded upon a valuable consideration and limited, as regards time, space, and the extent of the trade, to what is reasonable under the circumstances of the case." There is no ground for claiming that the contract in question is general or unlimited. On the contrary, it is by its terms expressly limited to the business of

selling drugs or conducting a drug store in Racine during the
five years mentioned.   The argument seems to be that the only
legitimate basis for the agreement was to protect the good will
of the business, which belonged to the *Kradwell Drug Com-
pany* and not to its stockholders; and hence, as *Thiesen* was a
mere stockholder, the sale of his stock to the *Kradwells* did not
include any interest in the good will or other property of the
corporation to be thus protected.   Two cases are cited in sup-
port of such contention.   *Merchants' Ad-Sign Co. v. Sterling,*
124 Cal. 429, 57 Pac. 468, 46 L. R. A. 142; *Dodge S. Co. v.
Dodge,* 145 Cal. 380, 78 Pac. 879.   In respect to these cases
it is enough to say that they were based upon the statutes of
that state, which declare that "every contract by which any
one is restrained from exercising a lawful profession, trade,
or business of any kind, *otherwise* than is provided by the
next two sections, *is to that extent void."*   One of such sections
provides that "one who sells the good will of a business may
agree with the buyer to refrain from carrying on a similar
business within a specified county, city, or part thereof, so
long as the buyer, or any person deriving title to the good will
from him, carries on a like business therein."   Those cases
simply held that as there had been no sale of the good will,
within the meaning of such statute, the contract in restraint
of trade was expressly prohibited by the statute.   We are
governed by no such statute.   The test which has repeatedly
received the sanction of this and other courts was expressed by·
TINDAL, C. J., in these words:

   "We do not see how a better test can be applied to the ques-
tion whether reasonable or not, than by considering whether
the restraint is such only as to afford a fair protection to the
interests of the party in favor of whom it is given, and not so
large as to interfere with the interests of the public.   What-
ever restraint is larger than the necessary protection of the
party can be of no benefit to either, it can only be oppressive;
and if oppressive, it is, in the eye of the law, unreasonable.
Whatever is injurious to the interests of the public is void, on

the grounds of public policy." *Horner v. Graves,* 7 Bing.
735, 743.    See *Trego v. Hunt* [1896] A. C. 7; *Richards v.
Am. D. & S. Co.* 87 Wis. 503, 513, 58 N. W. 787; *Milwaukee
M. & B. Asso. v. Niezerowski,* 95 Wis. 129, 134, 135, 70 N.
W. 166; *Diamond M. Co. v. Roeber,* 106 N. Y. 473, 482, 13
N. E. 419.

The facts in the case at bar are quite similar to those in a
recent Michigan case wherein it is held that "the purchase by
an individual of a stockholder's interest in a corporation af-
fords a sufficient consideration for a contemporaneous agree-
ment by the seller not to engage in the business carried on by
the corporation." *Up River Ice Co. v. Denler,* 114 Mich.
296, 72 N. W. 157, 68 Am. St. Rep. 480.    The *Kradwells*
owned the stock of the corporation.    As such they were inter-
ested in the success of the corporation.    They bought *Thie-
sen's* stock and paid him his price.    They were entitled to the
protection given by the agreement.    We must hold that the
agreement in question is valid and binding between the
parties.

Among other things, the original complaint alleges, as a
breach of the contract, in effect, that said *Thiesen,* at the pro-
curement of the defendant *Red Cross Drug Company* and
with full knowledge on its part of the terms and conditions of
said contract, engaged with that company as manager or man-
aging agent or superintendent in charge of the stores of that
company at Racine.    It seems to be conceded that a short time
prior to the commencement of this action the defendant *Thie-
sen* was employed by the *Red Cross Drug Company,* and,
among other things, had "also assisted in the management of
the business of said company."    We do not feel called upon
to go into details.    They will be revealed upon a full hearing
upon the merits.    The matter of granting a preliminary in-
junction was necessarily addressed to the sound discretion of
the trial court.    Upon the facts stated we cannot say that
there was any abuse of such discretion in granting the injunc-
tional order appealed from.

The amended complaint states facts sufficient to constitute a cause of action for the breach of such contract, not only against the defendant *Thiesen* but also against the *Red Cross Drug Company*.

*By the Court.*—Each of the three orders of the circuit court appealed from is affirmed.