MADSON, Respondent, vs. JOHNSON, Appellant.

*December 5, 1916—January 16, 1917.*

*Contracts: Validity: Restraining practice of profession in certain territory.*

1. Contracts imposing reasonable restraint upon the right to exercise one's calling, trade, or profession are valid.
2. A contract by which defendant, upon selling to plaintiff his real estate, office fixtures, and good will as a veterinarian, agreed that he would not practice that profession "in Appleton or vicinity" unless he purchased plaintiff's veterinary practice or entered into a partnership with him, imposed only a reasonable restraint and was valid.

APPEAL from an order of the circuit court for Outagamie county: EDGAR V. WERNER, Circuit Judge. *Affirmed.*

This action is brought by the plaintiff to enjoin the defendant from continuing his practice of veterinary medicine and surgery in the city of Appleton and vicinity and for the recovery of $1,000 as damages.

Both plaintiff and defendant are licensed practitioners of

veterinary medicine and surgery.    The defendant was a successful practitioner at Appleton, Wisconsin, and on March 31, 1914, he sold his real estate, office fixtures, and good will as such veterinarian to the plaintiff.    The plaintiff paid the defendant $4,500 therefor and received from defendant a bill of sale conveying the property as agreed.    The bill of sale contains the following provision:

"Further it includes my good will, and further that I will not practice veterinary medicine or surgery in Appleton, or vicinity, unless it would be to be in partnership with said *Dr. William Madson,* or to buy out the said above mentioned *Dr. William Madson.*"

On or about March 10, 1915, the defendant again opened an office in the city of Appleton, Wisconsin, and began the practice of veterinary medicine and surgery.    The plaintiff brings this action, alleging a violation of the agreement, and asked that defendant be restrained from practicing his profession in Appleton or vicinity.

The defendant demurred to the complaint and the circuit court overruled the demurrer.    From the order overruling the demurrer this appeal is taken.

For the appellant there was a brief by *Ryan, Cary & Frank,* and oral argument by *T. H. Ryan.*

For the respondent there was a brief by *Morgan & Benton,* and oral argument by *John Morgan.*

SIEBECKER, J.    It is well established that contracts imposing reasonable restraint upon the right to exercise one's calling, trade, or profession are valid.    This doctrine has been applied and upheld in this state under the varying facts and circumstances disclosed by the following cases: *Fairbank v. Leary,* 40 Wis. 637; *Washburn v. Dosch,* 68 Wis. 436, 32 N. W. 551; *Richards v. American D. & S. Co.* 87 Wis. 503, 58 N. W. 787; *Palmer v. Toms,* 96 Wis. 367, 71 N. W. 654; *Tecktonius v. Scott,* 110 Wis. 441, 86 N. W. 672; *Cottington*

*v. Swan,* 128 Wis. 321, 107 N. W. 336; *My Laundry Co. v. Schmeling,* 129 Wis. 597, 109 N. W. 540.

The terms of the agreement of these parties restrain defendant from practicing his profession in "Appleton or vicinity" unless he enters into partnership with the plaintiff for that purpose or purchases plaintiff's professional business. The significance of the word "vicinity" in such contract is to be ascertained from the intent of the parties to the contract in the light of the facts and circumstances of the transaction. *Burton v. Douglass,* 141 Wis. 110, 123 N. W. 631. It appears that the defendant reopened the practice of his profession in the city of Appleton, which is specifically forbidden by the contract. Courts have sustained as valid agreements of this kind without limitation as to time in specified localities. See agreements in restraint of trade, 9 Cyc. 527, paragraph (4) and note, Restraint Limited as to Space but Unlimited as to Time; also 6 Ruling Case Law, sec. 205. The restraint in this agreement to the effect that defendant was not to practice his profession or calling in "Appleton or vicinity" is reasonable and valid within the doctrine adhered to in the adjudications of this and other states.

*By the Court.*—The order appealed from is affirmed.