DURBROW COMMISSION COMPANY, Respondent, vs. DONNER, Appellant.

*February 6—March 4, 1930.*

For the appellant there was a brief by *Olwell & Brady* and *George A. Gessner,* all of Milwaukee, and oral argument by *Mr. Gessner.*

For the respondent the cause was submitted on the brief of *Pellette & Zillmer* of Milwaukee.

FOWLER, J. The case is determined by the principles applicable to contracts in restraint of trade. Such contracts are against public policy and unenforceable unless they are incidental to and in support of a contract of sale by which the one making the agreement sells a business or some substantial interest therein, or are incidental to some other contract. 24 Am. & Eng. Ency. of Law (2d ed.) 851; 13 Corp. Jur. p. 477; 6 Ruling Case Law, p. 790; 3 Williston, Contracts, p. 2876, § 1637; *U. S. v. Addyston Pipe & S. Co.* 85 Fed. 271. In the cases involving contracts in restraint of trade that this court has been called upon to determine, the agreement restraining activities by defendant has been incidental to the main purpose of some contract in connection with which it was made, and the relief sought was necessary to secure to the plaintiff the fulfilment of that purpose and the benefits which were to accrue to him from the contract to which the agreement was incidental or in which it was included. Such cases are *Richards v. American D. & S. Co.* 87 Wis. 503, 58 N. W. 787, and *My Laundry Co. v. Schmeling,* 129 Wis. 597, 109 N. W. 540, in the last of which the rule stated is recognized at page 606, where the court says that the law permits parties "to enter into restrictive agreements in aid of the thing sold."

It is true that the courts have upheld agreements by employees restraining them from entering into the employ of competitors after leaving their employment, but in every such case the agreement of the employee was a part of an agreement of the employer to employ him and thus incidental to the main purpose of the contract of employment entered into by the parties. No such agreement is stated in the complaint here. Judge TAFT in the *Addyston Case* above cited classifies valid agreements in restraint of trade cases. His class (5) includes those "by an assistant, servant, or agent not to compete with his master or employer after expiration of his term of service." But in every case cited by Williston on Contracts under class (5) which supports the classifica-

tion, there was an agreement by plaintiff to employ defendant, and defendant's restrictive agreement was a part of and incidental to the main purpose of the contract, which was to provide for employment and service. The American cases cited by Williston do not support the classification at all, as all contracts involved in them were held void.

The above is sufficient to require reversal. It is also urged by appellant that such a contract is ńot enforceable unless based upon a valuable consideration, and that the allegation that the contract was executed "for a consideration paid by the plaintiff" is not a sufficient allegation of such consideration. We consider this point not well taken. Conceding that the consideration must be "valuable," the word "paid," in the connection in which it is used, by reasonable intendment implies payment of a valuable consideration. If the allegation is not definite and certain, motion to make it so may properly be made.

It is also contended that restraining the defendant from activities in connection with the business mentioned in Milwaukee and Milwaukee county is on its face an unreasonable restriction which invalidates the agreement, but we are of contrary opinion. It is true that such restrictions must be reasonable, but the business involved is a wholesale business and for such the restriction seems to us reasonable. It is also urged that the agreement would by its terms restrain defendant from entering into the employment anywhere of any packing company selling meat, including veal, in Milwaukee county; but agreements should be reasonably construed, and so construing this one it covers only such employment as would enable defendant to divert plaintiff's Milwaukee county trade to his employer.

*By the Court.*—The order is reversed, with directions to sustain the demurrer.