WILL OF WEST: DARWIN, Appellant, vs. WEST, Executor, Respondent.

*November 13—December 19, 1944.*

For the appellant there were briefs by *Nelton & McGinnis* of Balsam Lake, and oral argument by *James L. McGinnis*.

For the respondent there was a brief by *F. E. Yates* of Amery, attorney, and *Coe & Cameron* of Rice Lake of counsel, and oral argument by *Laurence S. Coe*.

BARLOW, J.  It is first argued that the court was in error in compelling appellant to make her claim more definite and certain.  The original claim as filed demanded the reasonable value of care, support, and maintenance furnished to Mary West and Lizzie Geise.  This is followed by the statement that claimant and her husband deeded the house in Robbinsdale, Minnesota, to Mary West in consideration of her agreement not to change her will, and that she thereafter did change her will.  It then requests that the claim be allowed "in such sum as may be justified by the facts and authorized by law."  The court ordered claimant to amend and show the total amount claimed from the estate, setting forth whether the

claim is based on the value of services alleged to have been performed or whether it is a claim for damages for breach of contract for the changes made by testatrix in her will, and if the claim is for the value of services, to show whether it is based on contract or claim on *quantum meruit*. Appellant filed an amended claim for breach of contract and damages for changes made by testatrix in her will.

This is a contested claim against an estate. Sec. 313.03 (4), Stats., provides that if a claim is contested the court shall require the issues to be made more definite by pleadings, or such other manner as the court shall deem best. Appellant relies on *Estate of Beyer* (1924), 185 Wis. 23, 200 N. W. 772, and *Estate of Carlin* (1925), 185 Wis. 438, 202 N. W. 201, where it is held with reference to claims filed that the practice is not intended to be formal but rather to permit summary action as informally as possible, and that statutes relating to pleadings in courts of record are accordingly inapplicable. This does not mean a claimant can file a general statement that there is money due him from the estate, especially where the representative of the estate objects to the claim. The statute specifically provides that in contested claims the court shall require the issues to be made definite by pleadings. In *Estate of Beyer, supra,* the court said (p. 28) :

"No doubt the county court has a wide discretion as to procedural matters in hearings on claims. The county court may very properly, in the interest of an orderly presentation, require formal pleadings to be filed."

This is necessary in order to form the issues and enable the court to rule on the admissibility of the evidence, and inform the contestant of the issues which he must be prepared to meet. The filing and allowance of a claim in the county court is a proceeding in a court of record. Appeal lies from such final determination, and while it has been well said that "the whole plan and theory of the statute is that the filing of

claims against the estates of deceased persons should be as informal as possible," it cannot be said that no rules or procedure in practice are to be followed. The court under its statutory authority required the issues to be made definite. If claimant had separate claims there was nothing to prevent her from filing them. If she had but one claim the court was clearly within its right in requiring that it be set forth in such form that issues could be joined. While the decision in *Supervisors of Kewaunee County v. Decker,* 30 Wis. 624, was not made with reference to a claim against an estate, the conclusion reached and reasons therefor are equally applicable in this case.

The next question is whether the evidence establishes an oral contract to devise or bequeath property for a valid consideration. A brief reference to applicable legal principles will be helpful in the solution of the questions presented by the record. In order for appellant to succeed we must first find that there was an oral contract to devise or bequeath property. The rule is that such contract must be established by evidence that is clear, satisfactory, and convincing. Mere preponderance of the evidence will not support such contract. *Estate of McLean* (1935), 219 Wis. 222, 262 N. W. 707; *Estate of Powell* (1932), 206 Wis. 513, 240 N. W. 122; *Marshall & Ilsley Bank v. Schuerbrock* (1928), 195 Wis. 203, 217 N. W. 416. Other Wisconsin cases to the same effect might be cited. We recognize the rule.

It is also a well-established rule that the finding of the trial court will not be overthrown on appeal unless it is contrary to the preponderance of the evidence. *Estate of Powell, supra.* The trial court found there was no evidence of any agreement between claimant and Mary West that Mary West was to make a provision for claimant in her will for care, support, and maintenance furnished to testatrix and her sister, Lizzie Geise. The evidence shows that Mary West and her sister went to the home of Fannie Darwin, Mary West's

daughter and claimant herein, in Minneapolis in September, 1929, and lived in claimant's home until March 5, 1930, when Mary West purchased a residence in Robbinsdale, Minnesota, which was occupied by claimant, her family, Mary West, and Lizzie Geise. Title to the property was placed in the name of Fannie Darwin. Mary West provided practically all the household furniture, and purchased groceries for the home. She also performed such household duties as she was capable of doing.

Lizzie Geise died June 18, 1931, and Mary West continued to live with claimant until May 5, 1933, when she removed her household effects and returned to Polk county, Wisconsin, her former home. Claimant continued to live in the Robbinsdale house two weeks after her mother left. In September, 1931, Mary West made a will naming claimant executrix and giving her one sixth of the residuary estate. On September 13, 1933, Mary West asked claimant to deed the Robbinsdale property back to her. Two children of claimant were present at the time and testified that claimant inquired whether Mary West had changed her will, and Mary West stated she had not changed her will and was not figuring on it. On the same day claimant and her husband deeded the Robbinsdale property to Mary West. The attorney who prepared the deed testified that at the time the papers were prepared claimant stated she had settled with her mother and was deeding the property back to her. Mrs. West made no statement.

It is considered that claimant has failed to establish by evidence that is clear, satisfactory, and convincing that Mary West at any time entered into any contract with claimant. Placing title to the Robbinsdale house in the name of the daughter and accepting a reconveyance of it is no proof of a contract to pay for care, support, and maintenance furnished prior to the reconveyance. The statement made by the mother, in reply to an inquiry on the part of claimant,

that she had not changed her will and did not intend to do so, is not sufficient to establish a contract on the part of the mother not to change her will, and we are unable to see where the statement made by claimant at the time the deed was prepared that she, claimant, had settled with her mother, adds anything to her position. The only additional evidence relied upon by appellant is the fact that her mother and aunt lived with appellant under conditions hereinbefore described. To say that this constitutes the making of a contract on the part of the mother to make provision for the daughter in a will, contrary to the finding of the trial court, is contrary to what we believe the evidence establishes.

From the foregoing it is unnecessary to consider the question of the statutes of frauds or other questions raised.

*By the Court.*—Judgment affirmed.