JOURNAL COMPANY, Appellant, vs. BUNDY and another, Respondents.

*January 18—April 12, 1949.*

For the appellant there was a brief by *Shea & Hoyt* of Milwaukee, and oral argument by *Edmund B. Shea.*

*Herbert Mount* of Milwaukee, for the respondent Jack Bundy, and *Bruce B. F. Randolph* of Milwaukee, for the respondent Midwest Broadcasting Company.

BROADFOOT, J.   Clause (k) in the contract of August 20, 1932, is an agreement in restraint of trade.   Cases have arisen out of many such agreements in Wisconsin.   *Laubenheimer v. Mann,* 17 Wis. 559; *Cottington v. Swan,* 128 Wis. 321, 107 N. W. 336; *My Laundry Co. v. Schmeling,* 129 Wis. 597, 109 N. W. 540; *Kradwell v. Thiesen,* 131 Wis. 97, 111 N. W. 233; *Madson v. Johnson,* 164 Wis. 612, 160 N. W. 1085; *Durbrow Commission Co. v. Donner,* 201 Wis. 175, 229 N. W. 635; *Wisconsin Ice & Coal Co. v. Lueth,* 213 Wis. 42, 250 N. W. 819.

The law has become well established through its application in the above and other cases. The difficulty always arises in the application of the law to the facts in each case. The following quotations from *Milwaukee Linen Supply Co. v. Ring,* 210 Wis. 467, 470, 471, 473, 246 N. W. 567, state the rules to be applied:

"The contract in suit is one in restraint of trade which is tersely defined as one whose 'performance would limit competition in any business or restrict a promisor in the exercise of a gainful occupation.' Such a contract 'is illegal if the restraint is unreasonable,' and such a contract 'is unreasonable . . . if . . . it (a) is greater than is required for the protection of the person for whose benefit the restraint is imposed, or (b) imposes undue hardship upon the person restricted.' Restatement of the Law of Contracts, secs. 513, 514, 515. It will be observed that the findings of the learned trial judge designated above as (17) and (18) find as facts that the contract in suit is unreasonable as violating (a) above, and in effect for violating (b). Finding (17) appears to us to be amply supported by the evidence as does (18) when other evidentiary facts found are considered in connection with it.

". . . But a contract in restraint of trade may be valid as applied to one set of circumstances, and invalid as applied to another set.

". . . The question always resolves itself into 'what is a reasonable restraint with reference to the particular case.' Id. p. 32. 'Any restraint is unreasonable' which is more extensive 'than the interests of the party with whom the contract is made can possibly require.' Id. p. 34. There is greater scope of restraint in contracts between vendor and vendee than between employer and employee. In the latter class of cases there is 'small scope for the restraint of the right to labor and trade and a correspondingly small freedom of contract.' In such cases 'in order that the court may uphold and enforce a restriction, . . . the court must find that the facts alleged disclose a restriction on the employee reasonably necessary for the fair protection of the employer's business or rights, and not unreasonably restricting the rights of the employee,

due regard being had to the interests of the public and the circumstances and conditions under which the contract is to be performed.'"

The trial court in its memorandum decision, in its findings of fact and conclusions of law, and in the judgment clearly indicated that it was familiar with the law. Its findings of fact are supported by the evidence. They cannot be disturbed unless they are against the great weight and clear preponderance of the evidence. *Depies-Heus Oil Co. v. Sielaff*, 246 Wis. 36, 16 N. W. (2d) 386; *Will of West*, 246 Wis. 199, 16 N. W. (2d) 806; *Angers v. Sabatinelli*, 246 Wis. 374, 17 N. W. (2d) 282, 18 N. W. (2d) 705; *Kearney v. Massman Construction Co.* 247 Wis. 56, 18 N. W. (2d) 481.

The defendants claim upon the appeal that the court abused its discretion in refusing to award costs to each of the defendants. We find that the court was within its discretion in awarding costs as it did.

Both appellant and respondents submitted briefs containing more than fifty pages. Each attached a request that in case it should prevail it be permitted to tax costs for printing the same. Each stated that the long briefs were necessary due to the amount of factual information and the length of the record. The respondents will be allowed full costs for printing their brief.

*By the Court.*—Judgment affirmed.

WICKHEM, J. (*concurring*). When the contract containing the restriction involved in this case was entered into by plaintiff and defendant the latter was already in plaintiff's employ. As I read it the writing containing the restriction was not a contract of employment nor did it have anything to do with defendant's employment as a broadcast artist. It simply dealt with the booking services to be furnished by plaintiff and with restrictions and regulations of personal appearances by defendant and his band. It is generally held that a covenant

of the character involved here in order to be sustainable must be incidental to a lawful contract. *Durbrow Commission Co. v. Donner,* 201 Wis. 175, 229 N. W. 635. It is ordinarily contained in a contract providing for the sale of a business, professional practice, or property, or in a contract of employment. *John D. Park & Sons Co. v. Hartman* (6th Cir.), 153 Fed. 24, 12 L. R. A. (N. S.) 135; *Norfolk Motor Exchange, Inc., v. Grubb,* 152 Va. 471, 147 S. E. 214, 63 A. L. R. 310. If the restrictive covenant has no reasonable relation to the subject matter of the contract which supports it, it cannot be said to be ancillary or incidental to the contract and constitutes an unreasonable restriction in view of the consideration which supports it. The restriction must be necessary in order to protect the rights which the contract of which it is a part secures to the covenantee. *Samuel Stores, Inc., v. Abrams,* 94 Conn. 248, 108 Atl. 541, 9 A. L. R. 1450.

It appears to me that in this case the restrictive covenant is not necessary to protect plaintiff's rights under a mere booking contract and that the restrictive agreement cannot be considered properly incidental to such a contract. It follows that the restraint imposed by the clause is an unreasonable one and that the trial court properly so held.

I am authorized to state that Mr. Chief Justice ROSENBERRY and Mr. Justice HUGHES concur in this opinion.