ZIMMERMANN, Respondent, v. BRENNAN, and others,
Appellants.

*No. 75–326.  Submitted on briefs May 4, 1977.
—Decided June 14, 1977.*
(Also reported in 254 N.W.2d 719.)

For the appellants the cause was submitted on the brief of *Joseph K. Brennan* and *Brennan & Brennan* of Milwaukee.

For the respondent the cause was submitted on the brief of *David L. Walther, John Sundquist* and *Walther & Halling* all of Milwaukee.

HEFFERNAN, J.   The plaintiff, H. Russell Zimmermann, is a commercial artist, who had been employed by the Advertising Art Studios until September of 1970. He subsequently commenced work with Barkin-Herman and Associates.   As an employee of the Advertising Art Studios, he was a participant in the Advertising Art's profit sharing plan, and upon his termination of employment with Advertising Art, he claimed his undisputed vested share of the profit sharing trust in the amount

of $8,776.67. The defendants in this action, Brennan, Redell, and Jahnke, trustees of the profit sharing trust, refused payment on the ground that Zimmermann's employment with Barkin-Herman resulted in a forfeiture of Zimmermann's rights under the profit sharing plan. Section 7 of the Advertising Art's profit sharing plan provided:

"Any employee who, after termination, becomes employed *in a competitive business in the Milwaukee area within one year of his termination* shall forfeit all his rights to any unpaid portion of his vested interest under this plan. Any amount forfeited under this section shall be allocated to the accounts of the remaining participants on the same basis as a current contribution." (Emphasis supplied.)

Zimmermann commenced an action to enforce the payment of the sum claimed due under the profit sharing plain. He alleged that the forfeiture clause invoked by the trustees of the trust was inapplicable because his employment with Barkin-Herman within one year did not constitute employment in a competitive business, and he further alleged that the forfeiture provision contained in the plan constituted an unreasonable restraint of trade under sec. 103.465, Stats.

The case was tried to the court, and the trial judge, after hearing evidence, found that Barkin-Herman was not a "competitive business" and, hence, the plaintiff's conduct did not trigger the forfeiture clause; and, in addition, he concluded as a matter of law that the forfeiture provision constituted an unreasonable restraint of trade. Judgment was entered for the plaintiff adjudging his entitlement to his vested share of the Advertising Art's profit sharing trust. Because we conclude that the trial judge's finding that Barkin-Herman was not a competitive business is not contrary to the great weight and clear preponderance of the evidence, we need not, in this case, consider the trial judge's ar-

guably correct conclusion of law that the forfeiture provision was void as an unreasonable restraint of trade. We affirm.

Zimmermann asserts, correctly we conclude, that the trial court's finding that Barkin-Herman was not a competitive business with respect to Advertising Art must be sustained, because that finding is not contrary to the great weight and clear preponderance of the evidence. That test of the sufficiency of the evidence is correctly applied to the factual aspects of an action concerned with contracts in restraint of trade. *Journal Co. v. Bundy*, 254 Wis. 390, 396, 37 N.W.2d 89 (1949).

Cases from other jurisdictions also support the proposition that, where the issue raised is whether two employers are in competition, a question of fact is presented for the trial court.

*Van Pelt v. Berefco, Inc.*, 60 Ill. App.2d 415, 208 N.E.2d 858 (1965), in a case involving the forfeiture of pension benefits where the employee engaged in the manufacture of "products similar" to those manufactured by the former employer, held that it was a question of fact whether the products were "similar" or "competitive."

In *Hunter v. North American Biologicals, Inc.*, 287 So.2d 726 (Fla., 1974), the Court of Appeals of Florida also concluded that the similarity of employment of the party's work in two companies was a question of fact to be resolved by the trial court.

It thus is clear that a fact question is presented, and if the crucial finding that Barkin-Herman was not a "competitive business" is not contrary to the great weight and clear preponderance of the evidence, the judgment must be affirmed.

It is also important to examine the facts in light of the issue posed by the forfeiture clause. We are not in

this case concerned with whether the work of Zimmermann at Barkin-Herman was similar, or even identical, to the work earlier engaged in at Advertising Art. The question, rather, is whether Barkin-Herman was a "competitive business." There is nothing in the pension trust agreement that prohibits Zimmermann from performing identical or similar work.

The evidence was in dispute, and the finding that Barkin-Herman was not a "competitive business" was not the only possible finding in light of the facts adduced at trial, but we are satisfied that the finding made was sufficient under the standard of review.

Redell, one of the defendants in this case and an employee of Advertising Art and a trustee of the profit sharing trust, conceded that Advertising Art and Barkin-Herman operated in different areas. Sara Barnes, a Barkin-Herman account executive, testified that Advertising Art and Barkin-Herman were in no way competitive.

The record is clear that Advertising Art confines its enterprise solely to commercial art, design, and graphics. On the other hand, Barkin-Herman is a public relations firm, which, only as a side-line and as an accommodation to its public relations customers, performs limited services in the commercial art and graphics field. Most of such work, however, is farmed out to other firms.

On the basis of the testimony, the finding of the trial court was not contrary to the great weight and clear preponderance of the evidence. Such finding is appropriately based on a strict construction of the phrase, "competitive business."

It is clear that the forfeiture provision, whether reasonable or not, constitutes an agreement in restraint of trade and is, therefore, to be construed in favor of the

employee. *Behnke v. Hertz Corp.*, 70 Wis.2d 818, 235 N.W.2d 690 (1975) ; *Holsen v. Marshall & Ilsley Bank*, 52 Wis.2d 281, 190 N.W.2d 189 (1971) ; *Voight v. South Side Laundry & Dry Cleaners, Inc.*, 24 Wis.2d 114, 128 N.W.2d 411 (1964).

In *Storz Broadcasting Co. v. Courtney*, 178 So.2d 40, 42 (Fla., 1965), the Florida Court of Appeals stated:

"Applicable canons of construction support this ruling. Thus, in construing contracts in restraint of trade, ambiguous or doubtful language is to be construed against the restraint. [citing cases] When a contract provision is inserted for the benefit of a party, any ambiguity therein must be construed more strongly against that party. [citing cases] Contracts of an employee not to engage in a competing business, being in the nature of contracts in restraint of trade and personal liberty, will not be construed to extend beyond their proper import, or further than the language of the contract absolutely requires. [citing cases]"

It was, therefore, incumbent upon the trial court to construe the term, "competitive business," in the light most favorable to the employee. It was its obligation to interpret that term to embrace only businesses which seek out and appeal to the same customers and which offer substantially identical services to such customers. The trial court properly applied this principle when it found that Advertising Art and Barkin-Herman were not in competition. The forfeiture clause was, hence, inapplicable to Zimmermann's employment at Barkin-Herman, and Zimmermann is entitled to be paid the vested rights accumulated under Advertising Art's profit sharing plan.

*By the Court.*—Judgment affirmed.