TOWN OF PLAINFIELD, Appellant, vs. VILLAGE OF PLAINFIELD, Respondent.

*November 29 — December 14, 1886.*

VILLAGES: TOWNS: PLEADING. *(1) Villages organized under general laws: License moneys. (2) Liability of village for town expenses. (3) Demurrer: One good count.*

1. Prior to the enactment of sec. 3, ch. 374, Laws of 1885, a village organized under ch. 40, R. S., could not, under its charter (i. e. under said ch. 40), provide for the support of the poor therein, and hence, under sec. 1562, R. S., as amended by ch. 156, Laws of 1883, the moneys received for licenses for the sale of liquors therein belonged to the town.
2. A village organized under ch. 40, R. S., is not liable to the town in which it is situated for any proportion of the assessment, election, or town-meeting expenses of the town.
3. Where a complaint contains one good count joined with other bad ones, a general demurrer to the whole complaint should be overruled.

APPEAL from the Circuit Court for *Waushara* County.

It is alleged in the complaint that the defendant village is situated within the limits of the plaintiff town, and was organized under the provisions of ch. 40, R. S. Two alleged causes of action are separately stated therein. The first of these is to recover $540, received by the village in 1884 for

licenses to sell intoxicating liquors therein during that year; and the other is for $255, for services of the town officers of the plaintiff in 1883 and 1884, paid by the plaintiff, for assessing and equalizing village property and making tax-rolls of the same, and for expenses of town meetings and elections in these years.

The demurrer, which the court sustained, went to the whole complaint, and the ground assigned therefor is that the complaint does not state facts sufficient to constitute a cause of action. The plaintiff appealed from the order sustaining the demurrer.

The cause was submitted for the appellant on the brief of *T. H. Walker* and *W. N. Kelley*, attorneys, and *G. W. Cate*, counsel, and for the respondent on the brief of *R. L. D. Potter*.

LYON, J. 1. We are of the opinion that the plaintiff town has a valid cause of action against the defendant village for the license moneys received by the latter in 1884. Sec. 1562, R. S., as amended by ch. 156, Laws of 1883, provides that " all such license moneys received by any village which, under its charter, does not provide for the support of the poor therein, shall be paid to the town treasurer of the town in which such village is situated." The defendant village was organized under the general laws of the state, and those laws constitute its charter. The statute above quoted is therefore applicable to it. It was substantially so held in *Oak Grove v. Juneau*, 66 Wis. 534. When the license moneys in question were received by the defendant, and when this action was brought, its charter — that is to say, the statutes under which it was organized — did not require or authorize it to provide for the support of the poor therein. Hence such license moneys should be paid to the town treasurer of the plaintiff, and may be recovered in an action by the town.

It may be observed that the power to regulate the manner of caring and providing for the support of the poor therein is conferred upon villages organized under ch. 40, R. S., by sec. 3, ch. 374, Laws of 1885. That statute, however, makes no figure on this appeal.

2. We are referred to no statute which makes a village organized under ch. 40, R. S., liable to the town in which it is situated for a proportionate share of assessment, election, and town-meeting expenses incurred by the town. In the absence of such a statute, we cannot hold that any such liability exists. These expenses consist mostly, if not entirely, of fees of various town officers, and, until the legislature otherwise provide, it must be held that the town, through its officers, must render such services for the village without other compensation than the supposed benefits and advantages of having within its limits an incorporated village. So we conclude that the second count in the complaint fails to state a valid cause of action.

3. The rule is that where (as in this case) the complaint contains one good count joined with other bad counts, a general demurrer to the whole complaint must be overruled. This is elementary. Because the complaint states a cause of action in one count, the circuit court should have overruled the demurrer thereto, although the other count fails to state a cause of action.

*By the Court.*— The order sustaining the demurrer is reversed, and the cause will be remanded for further proceedings as herein indicated.