DREFAHL, Respondent, vs. CONNELL, Appellant.

*April 13 — May 2, 1893.*

*Pleading: Demurrer: Neglect of patient by superintendent of hospital.*

85   109
94   325

85        109
116       174
59 LRA 222n
59 LRA 267n
61 LRA  927

1. Where a complaint states a good cause of action as to certain failures of duty on the part of defendant, a general demurrer thereto will not be sustained merely because it attempts, but fails, to state other failures of duty.

2. A complaint alleging, among other things, that plaintiff was diseased and was lawfully an inmate of a hospital and as such entitled to proper care, treatment, food, and medicine; that defendant, as superintendent, had full charge, control, and management of the hospital, and was furnished with all necessary assistance, food, medicine, and supplies; that, in disregard of his duties, he neglected to give plaintiff suitable and proper medical attendance or to provide for him sufficient or suitable food, and suffered his subordinates to grossly neglect plaintiff, whereby the latter suffered great bodily and mental pain and his sickness was augmented and prolonged, to his great damage,— is *held* to state a cause of action.

APPEAL from the Superior Court of *Milwaukee* County. The complaint alleges, in effect, that during all the time from April 15, 1891, to May 3, 1892, the defendant held the

offices of one of the superintendents of the poor of the county of Milwaukee, and superintendent of the county hospital of said county; that during all said time the plaintiff was lawfully an inmate of said hospital; that he was afflicted with a disease affecting his legs; that during all of said time it was the duty of said defendant, as such superintendent, to furnish to the plaintiff, as such inmate, a physician of reasonable and sufficient skill and experience, and such skilful and appropriate medical treatment as the nature of the plaintiff's case demanded, to furnish the plaintiff with food of the kind best suited to his debilitated condition, to maintain proper discipline among the inmates, officers, and employees of the hospital, so that the plaintiff might receive proper food and careful and considerate treatment; that during all of said time the defendant, as such superintendent, was well and sufficiently provided with all the assistant physicians, nurses, cooks, attendants, and servants and food and medicines required for the performance of his said duties, and had full control over them; that the defendant had full control of the furnishing of the supplies of every kind for said hospital, and was in every way able to perform his said duties as such officer and towards the plaintiff; that, disregarding his duties, the defendant neglected to give to the plaintiff sufficient and proper medical attendance; that he failed and neglected to provide for the plaintiff sufficient or suitable food, but furnished him food of a very coarse and indigestible kind, wholly unsuitable for his condition, and frequently furnished him ill-cooked and unwholesome food, by the use of which the plaintiff became greatly debilitated and suffered great pain, which is one of the causes of the plaintiff's failure to recover his health; that the defendant wholly failed to maintain proper discipline, whereby at meal times the stronger and more active inmates would rush to the table first, and take for

Drefahl vs. Connell.

themselves all the best portions of the food; that the plaintiff, being lame and weak, was frequently prevented from getting to the table in time to obtain proper food, but had to be content with the leavings, which were wholly unsuited to his physical condition; that the defendant wholly failed and neglected to exercise a proper supervision over his subordinates, but suffered them to grossly neglect their respective duties towards the plaintiff, and hence the plaintiff did not have the medical treatment his condition required, and continued to suffer, and did suffer, and does still suffer, great pain, both mentally and bodily, and continues ill from said sickness; that by reason of such neglect by the defendant the disease with which the plaintiff was afflicted grew much worse; that his body was much weaker and his general health greatly injured; that he suffered great bodily pain and mental anguish; that his disease has become so seated that he can never be cured, and will remain an invalid, and will be wholly dependent upon charity for support; and that he is a man about forty years of age, and has thereby sustained damage in the sum of $5,000, for which he demands judgment.

To that complaint the defendant demurred on the ground that it did not state facts sufficient to constitute a cause of action against the defendant. Thereupon the plaintiff moved the court to strike from the record said demurrer, for the reason that the same was frivolous and made for the purpose of delay. The court refused to strike out said demurrer, but made an order overruling the same, from which the defendant appeals.

For the appellant the cause was submitted on the brief of *Robert Luscombe*, attorney, and *James G. Flanders*, of counsel.

For the respondent there was a brief by *Dunlop & Bruncken*, and oral argument by *Ernest Bruncken*.

Drefahl vs. Connell.

CASSODAY, J. A demurrer to a complaint for insufficiency can only be sustained when the complaint fails to state any cause of action whatever. *Moritz v. Splitt,* 55 Wis. 443. Where, as here, a complaint states a good and complete cause of action as to certain failures of duty on the part of the defendant, such general demurrer will not be sustained merely because the complaint attempts, but fails, to state other failures of duty on the part of the defendant. *Bronson v. Markey,* 53 Wis. 98; *Plainfield v. Plainfield,* 67 Wis. 526. This is not an action for the breach of contract. The theory of the complaint is that the plaintiff was poor and diseased, and rightfully committed to the hospital, and was lawfully an inmate thereof, and as such was entitled to proper care, treatment, food, and medicine, as mentioned in the foregoing statement; that the defendant, as superintendent, had the full charge, control, and management of the hospital; that he was furnished with all necessary assistance, help, food, medicine, and supplies; that, instead of performing his duty in the premises, he neglected and failed to perform the same, so far as the plaintiff was concerned, in the particulars therein mentioned; that in consequence thereof the plaintiff suffered pain and anguish, and his sickness was augmented and prolonged, to his great damage, as mentioned. We must hold that the complaint states a good cause of action.

*By the Court.*— The order of the superior court of Milwaukee county is affirmed.