NELSON, Appellant, vs. CITY OF EAU CLAIRE, Respondent.

*October 21—November 15, 1921.*

*Municipal corporations: Construction contracts: Damages due to delay of city: Extras: Written order and claim: Waiver: Bad faith of engineer: Pleading: Demurrer: Appeal from dis-allowance of claim by city: Bond: Sufficiency: Jurisdiction of court: Amendment of complaint.*

1. Where a cause of action sets out numerous items for which recovery is sought, if any of them are well pleaded a general demurrer thereto should not be sustained.

2. A provision in a contract with a city for the removal of a bridge that "no charge made by the contractor for any delays or hindrances from any cause during the progress of the work or any portion thereof embraced in the contract will be allowed," is construed to cover delay occasioned by the city's failure to remove street-car tracks and gas mains before the work began.

3. A municipal contractor was not entitled to charge for extras where he did not make claims therefor before the payment of the next succeeding estimate, where the contract provided that "No extra work will be paid for or allowed unless the same was done upon the written order of the engineer. . . . All claims for extra work must be made to the engineer in writing before the payment of the next succeeding estimate, . . . and failing to do this the contractor shall be considered as having abandoned his claim."

4. An engineer who had only the powers of a superintending engineer, even if he could waive written orders for extras, could not waive seasonable claims therefor, as the city council, which was to pass on the claims, was entitled to the written notice provided in the contract. *First Savings & Trust Co. v. Milwaukee Co.* 158 Wis. 207, distinguished.

5. Where the contract provided that the contractor should be subject to the orders of the engineer and to the construction given by him to the plans and specifications, the contractor is entitled to recover damages proximately sustained by reason of the bad faith or inexcusable ignorance of the engineer, where he relied in good faith upon his directions.

6. Under sec. 2647, Stats., a second cause of action should state a cause of action separately.

7. A bond on appeal to the circuit court from the disallowance of plaintiff's claim by the common council of the city of Eau Claire, conditioned "for the faithful prosecution of said appeal, and the payment of all costs as should be adjudged against this plaintiff by said circuit court," was defective.

8. A demurrer to a cause of action reaches all defects appearing upon the face of the complaint, including allegations as to the kind of bond that was given upon an appeal to the circuit court from the disallowance of plaintiff's claim by the city council; and such allegations cannot be aided by extrinsic facts, even though they appear in the record, under secs. 2649, 2836a, Stats.

9. If a void bond was given on appeal to the circuit court from the disallowance of plaintiff's claim, such court obtained no jurisdiction, and a demurrer on that ground was well taken.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Judge. *Affirmed in part; reversed in part.*

Action by a contractor to recover in the first cause of action for extras ordered in the construction of a concrete bridge over the Eau Claire river in the city of *Eau Claire,* for damages sustained by reason of the alleged failure of the city to remove the street-car tracks and gas mains on the old bridge, and for damages caused by the alleged bad-faith action and ignorance of the engineer in charge of the construction on behalf of the city.

In the second cause of action compensation is sought for the rent of a concrete mixer used by the city and for the value of a smokestack belonging to the plaintiff which it is alleged the city converted to its own use.

The amended complaint sets out the contract and plans and specifications for the building of the bridge.

The defendant demurred to the first cause of action on

the ground that it did not state facts sufficient to constitute a cause of action and it entered a like demurrer to the second cause of action, and a further demurrer to the effect that the court had no jurisdiction thereof.

The trial court sustained the demurrers to both causes of action and the plaintiff appealed.

For the appellant there was a brief by *M. B. Olbrich, Timothy Brown,* and *Lee L. Siebecker,* all of Madison, and oral argument by *Mr. Brown.*

For the respondent there was a brief by *John B. Fleming,* corporation counsel, and *A. H. Shoemaker,* both of Eau Claire, and oral argument by *Mr. Shoemaker.*

VINJE, J. The first cause of action sets out numerous items for which recovery is sought, and it is elementary that if any of them are well pleaded a general demurrer thereto should not be sustained.

The allegations in the complaint in reference to the duty of the city to cause the removal of the street-car tracks and gas mains are to the effect that both the street car company and the gas company operated under franchises from the city and that therefore, under the terms of the contract and by virtue of the franchises, it became the duty of the city to cause the removal of the street-car tracks and gas mains from the old bridge, which it is conceded it was the duty of the plaintiff to remove. It is alleged that finally, after a delay of eleven days, the street-car track was caused by the city to be removed, and after a delay of four days more the gas mains were caused to be removed. It is also alleged that the plaintiff, pursuant to notice by the city to commence work April 1, 1915, was prepared to do so, that he had procured material, hired men, and was in readiness to proceed with the work, but was delayed because of the failure of the city to seasonably require the removal of the street-car tracks and gas mains, to his damage in all in the sum of $1,500.

Conceding for the purpose of the case that it was the duty

of the city to cause the removal of the tracks and mains, the question recurs, Can plaintiff, under the terms of his contract, recover?

Paragraph 14 of the contract provides, among other. things, that "no charge made by the contractor for any delays or hindrances from any cause during the progress of the work or any portion thereof, embraced in the contract, will be allowed. If the delay be caused by any act or neglect of the city, then he will be entitled to an extension of the time allowed for the completion of the work, sufficient to compensate for the delay, to be determined by the engineer, provided the contractor shall give the engineer immediate notice of the cause."

It is claimed by plaintiff that this provision of the contract does not relate to the delay charged because it was not a delay during the progress of the work but a delay before the work began. We cannot concur in such a construction. The provision was no doubt intended to cover all delays under the contract of employment—all delays which grew out of the relations created by the contract between the parties. A delay at the inception of the work must be deemed a delay during the progress thereof, for, according to plaintiff's allegations, activities under the contract had already been begun—materials procured, men hired, and plaintiff in readiness to begin the removal of the old bridge. Under the provisions of the contract an extension of time was all plaintiff was entitled to for the delay, and that only upon giving the required notice of the cause. So we conclude the demurrer was properly sustained as to this claim for damages.

The claim for extras we deem was properly held demurrable under the pleadings and the terms of the contract, which provided with reference thereto that "no extra work will be paid for or allowed unless the same was done upon the written order of the engineer. . . . All claims for. extra work must be made to the engineer in writing before the

payment of the next succeeding estimate after the work shall have been performed, and failing to do this the contractor shall be considered as having abandoned his claim." There is no allegation that the extras were furnished upon the written order of the engineer, or that claims were made in writing therefor as provided for in the contract, so we must treat them as having been furnished without complying with this part of the contract.

Plaintiff relies largely upon the case of *First Sav. & T. Co. v. Milwaukee Co.* 158 Wis. 207, 148 N. W. 22, 1093, to sustain his contention that the provision in the contract that extras should be paid for only when ordered in writing by the engineer might be waived. There are several differences between this case and the one cited. There the committee in charge of the work on behalf of the county were delegated plenary powers to act in the matter, and there was no provision for written claim for extras to be made before the payment of the next estimate. Here the engineer in charge had only the usual powers of a superintending engineer in such cases, and if it be conceded that he might waive written orders for extras it is clear he had no power to waive seasonable written claims therefor. The city council must pass upon such claims and it was entitled to the written notice provided for by the contract. Failing to give such notice the contractor must, under the terms of his contract, be "considered as having abandoned his claim."

We come now to a class of items of damages which it is alleged were suffered by plaintiff by reason of the bad faith, fraud, or inexcusable ignorance of the engineer employed by the city. Of this class is the item of $1,200 for delays caused by the engineer set out in paragraph IV of the complaint; the item of $2,700 for damages alleged to have been caused by orders to continue to drive piles; the item of $780 alleged to have been caused by the mistake of the engineer in setting grade stakes for the south abutment of the bridge; the item of $1,689 for change in concrete arches caused by

the alleged inexcusable ignorance of the engineer; the item of $125 for change in the balustrades caused by the alleged inexcusable ignorance of the engineer; and the item of $700 for change in steel stirrups claimed to have been made by the engineer either in bad faith or through mistake.

While the contract provides in effect that the contractor shall be subject to the orders of the engineer and to the construction he gives to the plans and specifications, that does not mean he has no recourse where bad faith or inexcusable ignorance is shown by the engineer resulting in damage to the contractor. *First Sav. & T. Co. v. Milwaukee Co.* 158 Wis. 207, 148 N. W. 22, 1093. Such provisions in contracts like the one in question imply that the engineer shall act in good faith and that he is possessed of a reasonable degree of skill and care and will in good faith exercise the same in giving orders and in performing his part of the contract. Where bad faith or inexcusable ignorance on his part is shown to have resulted in damages to the contractor, who in good faith relied upon the directions of the engineer or upon the correctness of the work performed by him, then the contractor may recover the damage proximately sustained by him by reason of such bad faith or inexcusable ignorance. *First Sav. & T. Co. v. Milwaukee Co.* 158 Wis. 207, 148 N. W. 22, 1093. It is therefore held that the trial court erred in sustaining the demurrer to these alleged items of damage set out in the first cause of action.

The demurrer to the second cause of action was properly sustained, first because it does not state a cause of action, separately, as required by the statute (sec. 2647, Stats. 1919), and second, if recourse is had to the first cause of action by virtue of the expressions "as above set forth," then it appears that no proper bond upon appeal was given, for the complaint alleges an appeal to the circuit court for Eau Claire county was taken from the disallowance of plaintiff's claim by the city council of *Eau Claire* and that a bond was executed conditioned "for the faithful prosecution

Nelson v. Eau Claire, 175 Wis. 387.

of said appeal, and the payment of all costs that should be adjudged against this plaintiff by *said circuit court.*" Under the rule established in *Drinkwine v. Eau Claire,* 83 Wis. 428, 53 N. W. 673, this is a defective bond. The bond was executed in 1907 before the enactment of sec. 2836*a*, Stats., in 1915. If the information stated upon the oral argument is true, that the bond given is in fact a good bond and that there is a mistake made in the allegations of the complaint, then sec. 2836*a* would not avail because there would be nothing to correct except as to the allegations in the complaint. Those could not be corrected by virtue of the statute or otherwise, for upon demurrer they are taken as true. And under the statutory rule (sec. 2649, Stats. 1919) that a demurrer reaches all defects appearing upon the face of the complaint, it reaches the allegations as to the kind of bond that was given upon the appeal to the circuit court. Such allegations cannot be aided by extrinsic facts even though they appear in the record. *Zægel v. Kuster,* 51 Wis. 31, 41, 7 N. W. 781; *Benedix v. German Ins. Co.* 78 Wis. 77, 80, 47 N. W. 176. If a void bond was given, as alleged, the circuit court obtained no jurisdiction nor did this court, and the demurrer on that ground was well taken. If a good bond was in fact given, the complaint can be amended and a complete second cause of action stated.

*By the Court.*—Order affirmed in part and reversed in part, as indicated in the opinion, and cause remanded for further proceedings according to law, with costs in this court in favor of appellant.

SIEBECKER, C. J., took no part.