FRANK V. SCHWED, Respondent, *v.* E. N. KENNEDY, INC., Appellant.

First Department, April 8, 1927.

Judgments — summary judgment — motion limited under Rules of Civil Practice, rule 113, to action to recover debt for liquidated demand — motion denied in action for wrongful discharge involving elements tending to reduce claim.

Under rule 113 of the Rules of Civil Practice motions for summary judgment are limited to actions in which the prayer is to recover a debt or liquidated demand.

Accordingly, in an action for wrongful discharge wherein the plaintiff's good faith and diligence in securing other employment are involved, together with elements looking to a reduction of the claim, it cannot be said that the sum sought to be recovered is liquidated and, therefore, a motion for summary judgment should be denied.

APPEAL by the defendant, E. N. Kennedy, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of March, 1926, granting plaintiff's motion for summary judgment; also from a judgment entered in said clerk's office on the 19th day of March, 1926, in pursuance of said order, and also from an order entered in said clerk's office on the 8th day of April, 1926, denying defendant's motion for a resettlement of said order of March 12, 1926, and for a stay of execution of judgment pending trial of defendant's counterclaim, in an action wherein plaintiff demanded damages in the sum of $3,000 for wrongful discharge.

*Jonas J. Shapiro* of counsel [*Edward S. Greenbaum* with him on the brief; *Greenbaum, Wolff & Ernst,* attorneys], for the appellant.

*Bertram Boardman* of counsel [*Miller, Bretzfelder & Boardman,* attorneys], for the respondent.

First Department, April, 1927.       [Vol. 220

McAvoy, J. Judgment was rendered here in favor of the plaintiff for a sum of over $2,000 upon an order for summary judgment in an action wherein plaintiff demanded damages for $3,000. The suit was for a wrongful discharge, plaintiff being under a contract of employment running until the end of December, 1925. There was also an order entered, from which an appeal is taken, refusing to stay the execution of the plaintiff's judgment pending the trial of the defendant's counterclaim.

Our conclusion is that the judgment should be reversed, since it was contemplated in the formulation of the Rules of Civil Practice that actions in which the prayer is to recover a debt or liquidated demand only should be moved under the summary judgment rule. (Rules of Civil Practice, rule 113.)

The complaint here was to recover $150 per week for the remainder of the term of employment of plaintiff after his discharge, and there are several issues which must be the subject of a jury finding involved in the suit, to wit, whether or not plaintiff made diligent efforts to secure other employment, and if he secured such employment, what the compensation was; and whether such compensation was as much as he could have earned in good faith during the period from the date of his discharge to the termination of the employment contract. There is contained in the answer also an allegation that plaintiff agreed to purchase fifty shares of the stock of the defendant and to pay $5,000 therefor within sixty days thereafter, and that plaintiff failed to pay for the said stock or any part thereof, and that the defendant was ready, able and willing to deliver the same. It is also pleaded by defendant that in addition to the employment which plaintiff did secure after he left defendant's employ, the plaintiff might and could have secured other employment, but he failed to use reasonable diligence to procure employment during the period after his discharge.

Besides, a counterclaim is pleaded which alleges that the defendant advanced to the plaintiff the sum of $1,800, which was to be deducted from commissions earned by the plaintiff, and that the plaintiff was entitled to commissions in the sum of $210.80, which left a balance due to defendant of over $1,500. While it is the rule that such a counterclaim will not lie in the absence of a promise to repay advances over the amount of commissions earned, yet if it be shown by the relation of the parties that there was an implied promise, or if it be found that there was a breach of the contract by plaintiff disabling him from earning the commissions, he might be liable therefor.

We think, therefore, that it was improper to grant summary judgment in this case. It cannot be said that a sum is liquidated

when there are these elements in the cause looking to a reduction of the claim, and where plaintiff's good faith and diligence in securing other employment are involved. The motion should have been denied.

The judgment and order upon which the same was entered should be reversed, with costs, and the motion for summary judgment denied, with ten dollars costs. The appeal from the order denying resettlement and stay should be dismissed.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Judgment and order granting motion for summary judgment reversed, with costs, and motion for summary judgment denied, with ten dollars costs. Appeal from order entered April 8, 1926, dismissed.