NATHAN SPECTOR, an Assignee of JULIUS SPECTOR, Plaintiff, *v.*
FRANK JACOBS, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District,
October 23, 1931.

*David Paris*, for the plaintiff.

*Alexander A. Lenas*, for the defendant.

LEWIS, DAVID C., J.  A perusal of the court files discloses that this action, brought to recover damages for breach of contract of employment, commencing July 6, 1931, and to terminate three months thereafter at a weekly salary of seventy-five dollars, was commenced by the service of a summons on the 21st day of July, 1931.  The summons is indorsed: " Breach of contract of employment between defendant as employer and Julius Spector as employee, contract commencing July 6th, 1931 and to terminate three months thereafter at weekly salary of $75 and breached by defendant with just cause or provocation.  Claim duly assigned to plaintiff."

On September twenty-fifth the defendant having defaulted at the trial, judgment was entered by the clerk simply upon the presentation of an affidavit by plaintiff's counsel " that defendant answered but defaulted at the trial.  Deposition with clerk ordered by court."

I cannot find any affidavit of evidentiary matter or other proof presented upon the application for judgment.

Subdivision 3-a of section 6 of the New York City Municipal Court Code gives this court jurisdiction " to enter judgment on default on a complaint, petition or counterclaim demanding liquidated damages without taking an inquest, where a party has appeared in an action or proceeding but does not appear at the time set for the trial thereof."

This action was instituted to recover unliquidated damages.

" It has long been settled that the plaintiff's claim in a case for wrongful discharge is for unliquidated damages resulting from the master's breach of the contract of employment, and that, so far as regards the period subsequent to the dismissal, only a single cause of action accrues although compensation is payable in installments." (*Carvill* v. *Mirror Films, Inc.*, 178 App. Div. 644.)

" The complaint here was to recover $150 per week for the remainder of the term of employment of plaintiff after his discharge, and there are several issues which must be the subject of a jury finding involved in the suit, to wit, whether or not plaintiff made diligent efforts to secure other employment, and if he secured such employment, what the compensation was; and whether such compensation was as much as he could have earned in good faith during the period from the date of his discharge to the termination of the employment contract.  *  *  *

" It cannot be said that the sum is liquidated when there are these elements in the cause looking to a reduction of the claim, and where plaintiff's good faith and diligence in securing other

**699**

employment are involved." (*Schwed* v. *Kennedy, Inc.*, 220 App. Div. 189, at p. 190.)

Numerous other authorities in support of these propositions are available.

Under the circumstances it was not within the power of the clerk, simply upon a default in appearance, to enter judgment.

For the reason stated, the judgment must be vacated and set aside. The defendant's default in appearance upon the trial day is opened upon the following terms: The defendant shall pay to the plaintiff five dollars costs in five days, with ten dollars additional costs to the plaintiff to abide the event.

Upon compliance, the case is set for November 10, 1931, for trial; otherwise, an inquest may be taken on that day. Settle order on notice.