TOM L. JOHNSON, Respondent, *v.* QUAYLE & SON CORPORATION,
Appellant.

First Department, June 17, 1932.

*Abraham Shamos* of counsel [*Eugene Untermyer* with him on the
brief; *Guggenheimer & Untermyer*, attorneys], for the appellant.

*Maurice Rose*, for the respondent.

O'MALLEY, J. We are here concerned with the sufficiency of
four affirmative defenses and two counterclaims stricken out from
the amended answer, on motion of the plaintiff.

The complaint contains two causes of action, both predicated
upon a written contract of employment of the plaintiff by the
defendant. The first is to recover $1,000 for a stipulated drawing

account for five weeks between August 1 and September 4, 1931; the second, to recover $28,400 damages for alleged wrongful discharge on September 1, 1931. That portion of the contract material upon this appeal reads: " 2. For the *satisfactory services* to be rendered by Johnson to the Company pursuant to this agreement, the Company agrees to pay Johnson the following compensation:

" (a) A commission of 5% on the annual gross sales of the Company on original orders procured by Johnson (as the same are hereinafter defined), up to but not exceeding such annual gross sales of $200,000;

" (b) A commission of $2\frac{1}{2}$% on the annual gross sales of the Company on orders procured by Johnson (as the same are hereinafter defined), on such annual gross sales in excess of $200,000; and

" (c) Johnson shall be entitled to a drawing account of $200 per week, to be charged against his commissions earned in accordance with ' (a) ' and ' (b) ' above." (Italics ours.)

The first defense stricken out is the third separate and complete defense to both causes of action. It is to the effect that prior to August, 1931, plaintiff from time to time breached the contract in failing and refusing to give his best and satisfactory efforts; that he neglected his duties and absented himself from defendant's place of business without leave or cause and divulged secret information gained during or in connection with his employment; that in or about August, 1931, and prior thereto, the aggregate advances by the defendant to the plaintiff pursuant to subparagraph " c " of paragraph 2 of the contract above set forth exceeded the compensation to which he was entitled under said contract by the sum of $7,700, and that on or about September 1, 1931, was in excess of $7,000; that plaintiff on or about September 1, 1931, completely abandoned his duties and obligations to the defendant and has failed and refused since such date to perform any of such duties. It is then set forth that by reason of the premises, the defendant was and has been prior to September, 1931, excused, relieved and discharged of any further payments to the plaintiff.

This defense is sufficient. True it is that it relates to a total drawing account paid in excess of commissions earned, which ordinarily, in the absence of an agreement to the contrary, could be retained by the plaintiff employee. (*Wolfsheimer* v. *Frankel*, 130 App. Div. 853; *North-Western Mutual Life Ins. Co.* v. *Mooney*, 108 N. Y. 118; *Kane* v. *Auto Laks Mfg. Co.*, 172 N. Y. Supp. 275.) The rule is different, however, when during the time the drawing account was operative the employee has been guilty of such a breach of the agreement as to disqualify him from earning the advances. In such a case there is an implied duty to repay such

advances. (*Schwed* v. *Kennedy, Inc.*, 220 App. Div. 189; *Kupfer* v. *Holtzmann*, 88 N. Y. Supp. 362.)

Judging this defense as a pleading merely, it should be sufficient as it alleges that under the peculiar circumstances outlined, the plaintiff has already received more than that to which he was rightfully entitled, and constitutes a plea of payment.

The second defense stricken out is the fifth separate and complete defense to both causes of action. It contains the allegation that defendant " specifically denies that the plaintiff has duly performed all conditions of said contract on plaintiff's part to be performed." Such performance was already denied by appropriate denials in the answer. The pleading is bad in form. Specific denials may not be pleaded as affirmative defenses. They are proper under section 261, subdivision 1 of the Civil Practice Act, but not under subdivision 2 thereof. This defense was, therefore, properly stricken out.

For the reasons given concerning the fifth separate and complete defense the sixth alleged separate and complete defense was also properly stricken out.

The seventh defense is alleged as a separate and complete defense to the first cause of action solely, and is to the effect that prior to August, 1931, defendant paid to the plaintiff all sums claimed under the first cause of action in satisfaction of all claims or demands contained therein. This is good as a defense of payment and should have been permitted to stand.

The second counterclaim is to the effect that on or about September 1, 1931, the aggregate of sums advanced by the defendant " pursuant to the provisions of paragraph 2 of said contract, exceeded the aggregate of commissions earned during the term of plaintiff's employment or otherwise by the sum of $7,000." It alleges an abandonment by the plaintiff as of September 1, 1931, and a refusal on his part to perform.

For the reasons advanced respecting the third separate defense this counterclaim was well pleaded. Furthermore, giving it every fair intendment to which it is entitled, it is stronger than such defense. The counterclaim alleges that the overpayments were due under paragraph 2 of the contract above quoted. It is not limited to subparagraph " c " thereof. For aught that appears the overpayments might have been made under subparagraphs " a " and /or " b." If overpayments were made by way of commissions over and above the drawing account, plaintiff was clearly under an obligation to repay such excess.

The first counterclaim also stricken out is to the same effect

as the second counterclaim save that the date specified is August 1, 1931. For the reasons indicated in connection with the second counterclaim, this first counterclaim should also have been sustained.

It follows, therefore, that the order so far as appealed from should be modified by denying the motion to strike out the third and seventh defenses and the first and second counterclaims, and as so modified affirmed, with ten dollars costs and disbursements to the appellant, with leave to defendant within ten days from service of order to serve an amended answer excluding the fifth and sixth defenses therefrom.

FINCH, P. J., and McAVOY, J., concur; MERRELL and MARTIN, JJ., dissent and vote for affirmance.

MARTIN, J. (dissenting). The complaint herein sets forth two causes of action; one to recover $1,000 for the stipulated drawing account for five weeks between August 1, 1931, and September 4, 1931; the other to recover $28,400 damages for wrongful discharge on September 1, 1931.

The defendant's answer, in addition to a number of denials, consists of eight complete defenses, two partial defenses and four counterclaims.

The court at Special Term struck out paragraphs 16–19, 24–28, 34–42, inclusive. By striking out these paragraphs the court eliminated the third, fifth, sixth and seventh separate and complate defenses and also the first and second counterclaims to both causes of action.

It is unnecessary to devote much time to the defenses for the reason that they are in effect a repetition of the denials of the allegations of the complaint. The facts set forth are clearly provable under such denials and in addition are provable under other defenses that have been set forth, and remain in the answer. Irrespective of the rule that under certain circumstances one may plead a matter in defense that is provable under a general denial, these defenses are so unnecessary they should be eliminated.

The two counterclaims alleged that the plaintiff had a contract under which he was to receive certain sums on a drawing account; that he did receive $7,700 on his drawing account; that he breached the contract and, therefore, should return the money. In one counterclaim the amount is stated as $7,700 and in the other counterclaim it is stated to be $7,000.

The question here for consideration is whether the counterclaims

are properly pleaded. It is contended by the plaintiff, appellant, that the counterclaims should be stricken out; that they are not good in law. The defendant says that they have been properly pleaded and relies on *Schwed* v. *Kennedy, Inc.* (220 App. Div. 189), as authority for that proposition.

There are no allegations in the counterclaims to bring them within the rule that there must be an actual or implied promise to repay the commissions. The circumstances pleaded must be such as to show that there was an understanding or agreement that in case of a breach of the contract the commissions should be repaid. Facts have not been pleaded to show any such condition.

In *North-Western Mutual Life Ins. Co.* v. *Mooney* (108 N. Y. 118) the court held that such advances could not be recovered back as damages for breach of contract. The court said: " In the first place there is no express agreement on the part of Mooney to pay back the money; there is no agreement that its advance shall create an indebtedness on his part; no word signifying that he is to be a borrower, nor that the plaintiff will lend to him any money."

The sole fact that there has been a breach of contract does not give a right to recover advances that have been paid which are in the nature of minimum wages for work actually performed. Facts must be pleaded to show a right to the return of such payments made on a drawing account or as salary for work actually performed.

I am of the opinion that the counterclaims are bad and that the entire order should be affirmed.

MERRELL, J., concurs.

Order so far as appealed from modified by denying motion to strike out the third and seventh defenses and the first and second counterclaims, and as so modified affirmed, with ten dollars costs and disbursements to the appellant, with leave to defendant to serve an amended answer, within ten days from service of order, excluding the fifth and sixth defenses therefrom.