LARSON, Appellant, vs. WATZKE and another, Respondents.

*March 7—April 2, 1935.*

For the appellant there was a brief by *Hill, Beckwith & Harrington,* and oral argument by *George A. Solsrud,* all of Madison.

For the respondents there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *Walter Ela* and *Roman A. Heilman.*

FRITZ, J. Under the allegations of the complaint, which were held insufficient to state a cause of action, the plaintiff seeks to recover from the defendants, L. A. Watzke, and his surety, William Watzke, moneys alleged to be due to plaintiff under written contracts, under which L. A. Watzke entered into the employment of the plaintiff to solicit applications for life insurance on a commission basis. Under the contracts it was agreed by and between the plaintiff and L. A. Watzke that the plaintiff was to advance $200 monthly to L. A. Watzke; that the latter was to pay to the plaintiff, within sixty days, the gross premiums on all policies written by him; that those gross premiums were to belong to the plaintiff, and he was to retain them as security for and until the advances of $200 per month were fully paid to the plaintiff by L. A. Watzke; that the latter was also to report and remit to the plaintiff all moneys, premium receipts, and other property of the life insurance company collected by L. A. Watzke; and that such money was to be applied to the particular item collected.

Plaintiff alleges that under those contracts he advanced $800 to L. A. Watzke, and that the latter wrote policies of insurance upon which he earned and secured $36.48, for which he was duly given credit by plaintiff upon the advances totaling $800. Plaintiff also alleges that L. A. Watzke, in violation of the contracts, failed and neglected to pay to plaintiff $26.97, of which an item of $18.67 was the net premium on a policy written by L. A. Watzke, and an item of $8.30 was the medical service fee on another policy; and that the defendants failed and refused to pay a balance of $790.49 owing by L. A. Watzke to the plaintiff.

The defendants challenged the sufficiency of the alleged facts to constitute a cause of action on the ground that, as there was no express agreement that L. A. Watzke was to pay the advances, or that they were to be repaid otherwise than out of commissions to be earned by him, no obligation for repayment otherwise than out of such commissions can be implied in view of the rule which we held, in *Shaler Umbrella Co. v. Blow,* 199 Wis. 489, 227 N. W. 1, 2, was applicable to such contracts. The rule as stated in that case, that—

"There is no personal liability upon the part of an agent employed upon a commission basis to repay advances made to promote the venture, or pursuant to the terms of the contract of employment, in excess of commissions earned, in the absence of an express agreement on his part to make such repayment, and in all such cases the employer is limited to the commissions actually earned for recoupment,"

is applicable in this case. That is true particularly because, under the rule, *expressio unius est exclusio alterius,* the express provision that the repayment of advances was to be made out of gross premiums and renewal commissions, excluded any possible implication that there was to be any obligation to repay the advances otherwise than out of those premiums and commissions. Under that express provision, plaintiff was entitled to apply on the advances the $36.48 secured by L. A. Watzke on policies which he wrote. Upon so crediting that amount, $763.52 of the advances remained unpaid, and, as to that balance, the complaint fails to state a cause of action.

The rule which was recognized in *Johnson v. Quayle & Son Corp.* 236 App. Div. 351, 257 N. Y. Supp. 874; *Schwed v. E. N. Kennedy, Inc.,* 220 App. Div. 189, 221 N. Y. Supp. 179; and *Kupfer v. Holtzmann,* 88 N. Y. Supp. 362, that, if an agent rescinds, abandons, or otherwise disqualifies himself from continuing to perform his contract, he may be liable for advances made in excess of his credit for commissions, although there was no express agreement to repay such advances otherwise than out of commissions, is not applicable

in this case because there is no allegation in the complaint that L. A. Watzke rescinded, abandoned, or otherwise disqualified himself from continuing to perform the contracts. The mere fact that by failing to pay the items of $18.67 and $8.30 he violated the contracts does not warrant the conclusion that he thereby rescinded, abandoned, or otherwise disqualified himself from completing the performance of his contracts.

However, in so far as plaintiff alleged that L. A. Watzke failed to pay the items of $18.67 and $8.30, which he had collected as a net premium and a medical service fee, respectively, and had contracted to remit to the plaintiff, the complaint does state sufficient facts to constitute a cause of action for the recovery of those items. Even though the manner in which they are set up in an account attached to the complaint may warrant an inference that the plaintiff is seeking to recover those items as part of an unpaid balance of $790.49, owing on account of advances, that inference should not be permitted, in passing upon defendants' demurrer, to overcome the facts expressly alleged, which show that the defendants are liable to the plaintiff for those two items. Any ambiguity in the allegations relating to those items must be construed most favorably to the pleader in passing on the demurrer (*Miller v. Currie,* 208 Wis. 199, 205, 242 N. W. 570; *Fondtosa Highlands, Inc., v. Paramount D. Co.* 212 Wis. 163, 168, 248 N. W. 131) ; and, so construed, the complaint states a cause of action as to those items. Consequently, the demurrer should have been overruled under the rule that, where a cause of action sets out numerous items for which recovery is sought, if any of them are well pleaded, a general demurrer thereto should not be sustained. *Nelson v. Eau Claire,* 175 Wis. 387, 185 N. W. 168; *Boyd v. Mutual Fire Asso.* 116 Wis. 155, 174, 90 N. W. 1086, 94 N. W. 171; *Drefahl v. Connell,* 85 Wis. 109, 55 N. W. 160.

*By the Court.*—Order reversed, and cause remanded with directions to enter an order overruling the defendants' demurrer to the complaint.