BECHTHOLD, Respondent, vs. O. F. P. INVESTMENT COMPANY, imp., Appellant.

*March 30—April 28, 1936.*

For the appellant there was a brief by *Orth & Orth,* and oral argument by *Charles A. Reidl,* all of Milwaukee.

For the respondent there was a brief by *Bitker, Tierney & Puchner* of Milwaukee, and oral argument by *Joseph E. Tierney.*

FRITZ, J.  Plaintiff alleged in his complaint that he was the owner of bonds totaling $2,000, executed by the defendants, Otto and Antonia Priebe, which were secured by a trust mortgage on certain real estate; and that the defendants defaulted in paying the principal and interest owing on the bonds at the maturity thereof.  Plaintiff further alleged that the defendant corporation, O. F. P. Investment Company, was organized by the defendants, Otto and Antonia Priebe, for the purpose of being the repository of the title of their real estate; that they subscribed for stock of that corporation and, in consideration therefor, assigned and conveyed the mortgaged real estate to the corporation with the agreement and understanding that it assume all the liabilities of the Priebes on the bonds; and that the corporation is, in truth and fact, Otto and Antonia Priebe.  Plaintiff's sole purpose in this action is to obtain relief in but one respect, *i. e.,* recover but the one and same demand for $2,000, for which the Priebes and the corporation are severally liable to him, although their respective liability is based in part upon different instruments.  The corporation demurred on the grounds that several causes of action were improperly united; and

that the complaint did not state sufficient facts to constitute a cause of action.

The corporation on its appeal from the order overruling its demurrer, in so far as it was based on the ground that several causes of action were improperly united, contends that the complaint states two causes of action, jumbled together and not separately stated; that one cause of action is against the Priebes upon the bonds, while the other is against the defendant corporation upon its assumption of payment of the bonds by a later transaction; that although the two transactions are for payment of the same indebtedness, they are separate and distinct, and do not affect all the parties to the action; and that therefore they cannot be properly joined, under sec. 263.04, Stats.

In so far as those contentions are concerned, the court rightly overruled the demurrer in view of the provision in sec. 260.17, Stats., that "Persons severally liable for the same demand and, without reckoning offsets or counterclaims, in the same amount, although upon different obligations or instruments, may all or any of them be included in the same action at the option of the plaintiff." In as much as plaintiff's allegations are to the effect that the Priebes and the corporation are severally liable for the same demand and in the same amount, i. e., $2,000 and interest, they, as well as plaintiff's cause of action against each of them, can be joined, at his option, in the same action and complaint, although their liability is predicated, in part, "upon different obligations or instruments." As the court said in *State v. P. Lorillard Co.* 181 Wis. 347, 193 N. W. 613, "When a primary right has been invaded the complaint may relate to many minor subjects, and facts may be stated constituting independent grounds for relief differing as to different defendants and still the complaint may not be subject to objection for misjoinder of causes of action." See also *Usow v. Usow,* 213 Wis. 395, 402, 251 N. W. 458; *Selts Investment Co. v. Baireuther,* 202 Wis. 151, 153, 231 N. W. 641;

*Ernest v. Schmidt,* 199 Wis. 440, 457, 223 N. W. 559, 227 N. W. 26.

In support of its second ground for demurrer, the defendant corporation contends that the facts alleged are insufficient to constitute a cause of action against it because plaintiff's allegation that the conveyance of the real estate by the Priebes to the corporation was made with the agreement and understanding that "the corporation assume all the liabilities undertaken" by the Priebes in the bonds, does not constitute an allegation that the corporation *in fact* assumed the Priebes' liability. That contention is based upon an exceedingly technical and narrow construction of that allegation, which, on a challenge by demurrer should, on the contrary, be given as liberal a construction as possible in order to sustain the complaint. *Larson v. Watzke,* 218 Wis. 59, 259 N. W. 712. Thus construed, the allegation sufficiently alleges the existence of a contract between the Priebes and the corporation by which it assumed Priebes' liabilities under the bonds; and, in as much as that contract is, in effect, for the benefit of the bondholders as third persons, they are entitled to enforce performance thereof by the corporation under the rule adopted in *Tweeddale v. Tweeddale,* 116 Wis. 517, 93 N. W. 440. By virtue of that contract to assume Priebes' liabilities under the bonds the corporation became personally and primarily liable upon those obligations. *First Trust Co. v. Calumet S. B. Fox Ranch,* 210 Wis. 278, 246 N. W. 331; *First National Bank & Trust Co. v. Vegel,* 215 Wis. 359, 367, 254 N. W. 537. Consequently, as a cause of action is stated against the corporation in that respect, its demurrer was rightly overruled, and it is not necessary to also consider plaintiff's contention that the bondholders are entitled to hold the corporation liable for the Priebes' indebtedness on the bonds because it is in fact Otto F. Priebe and Antonia Priebe, and therefore the plaintiff "can pierce the so-called corporate veil."

*By the Court.*—Order affirmed.