S. W. FARBER, INC., a Domestic Corporation, Plaintiff, *v.* FRED EISENHARDT, Defendant.

Supreme Court, Trial Term, Kings County, February 8, 1938.

*William L. Schwartz,* for the plaintiff.

*Douglass Newman,* for the defendant.

Dodd, J. This action is brought by the plaintiff, a manufacturer, to recover overdrafts above commissions earned by the defendant, a salesman, under yearly contracts of employment for the calendar years 1935, 1936 and 1937.

The contracts for the first two of these years provided for the advance to the defendant of seventy-five dollars a week for traveling expenses and sixty dollars a week for his home. The territory assigned to the defendant consisted of eleven Pacific Coast and Mountain States. The contract for 1937 provided for an advance of sixty dollars weekly for traveling expenses and sixty dollars weekly for his home. The territory assigned was reduced to the three Pacific Coast States.

All these contracts contained similar terms to the effect that the defendant would carry plaintiff's line of goods exclusively. However, if he carried a side line, he was to pay back all overdrafts above earned commissions. It was further agreed that if the defendant should leave plaintiff's employ before the end of the year and then sell a competitive line of goods, he would be obliged to repay such overdrafts. Then this limitation is set forth: " Of course, if the manufacturer terminates this contract by giving written notice the salesman is not obligated to pay the overdrawn commissions, nor should he be held for over-drafts after the year is over provided that he was in the employ of the manufacturer for the entire year."

It is conceded that the defendant was in the employ of the plaintiff for the entire years 1935 and 1936. In 1937, he entered upon employment pursuant to the contract for that year. On February 15, 1937, the defendant sent a telegram to the plaintiff stating that

the only way he could continue to represent the plaintiff was to have the previous year's arrangement reinstated, plus additional traveling expenses, together with full permission to carry a side line and the restoration of his former territory. This telegram ended with these words: " Otherwise will again be heavily overdrawn. No other proposition acceptable. Wire yes or no today." On February 18, 1937, the plaintiff telegraphed to the defendant as follows: " Deliver samples, trunks, photographs, catalogs, statements, order books and everything else belonging to us to Harvey M. Harrison."

The plaintiff seeks to recover, under three causes of action, overdrafts of $2,534.66 for the year 1935, $2,682.58 for the year 1936, and $647.58 for that part of 1937 until the employment terminated. It alleges that the defendant carried a side line in each of these years and, therefore, according to the terms of the respective contracts, he had agreed in such event to repay all moneys he would receive in excess of commissions earned. With respect to the third cause of action, the overdrafts in 1937, the plaintiff further alleges that the defendant breached the contract for that year. The defendant interposed an answer, denying all the allegations of the complaint, except the making of the contracts, and counterclaiming for the sum of $59.40. In lieu of his examination before trial, the defendant admitted in writing that he carried side lines for some part of each of these years and also the amount of the advances made to him by the plaintiff, as set forth in plaintiff's bill of particulars.

No testimony was taken herein and the case was submitted to the court upon the pleadings and the exhibits received in evidence. Two questions are before the court for consideration and decision:

(1) Is the obligation of the defendant to repay overdrafts, by reason of carrying a sideline, limited by the contracts?

(2) Do the telegrams exchanged between the parties in February, 1937, constitute a discharge of defendant by plaintiff or a breach of contract on the part of defendant in refusing to continue under the contract?

In my opinion, all the clauses of the contracts relating to overdrafts must be read together. The defendant agreed that if he carried a sideline or if he left the employ of the plaintiff in any year and sold a competitive line after so leaving, he would repay overdrafts. On the other hand, the plaintiff agreed that if the defendant was discharged or if he worked for the entire period of the year, he should not be held responsible for overdrafts. Since the defendant worked for the plaintiff during the entire years of 1935 and 1936, I hold that the plaintiff cannot recover overdrafts for those years. With respect to the third cause of action, the effect of defendant's telegram of February fifteenth is that he could not and would not

continue to represent the plaintiff unless a substantially new contract was entered into. The words, " No other proposition acceptable. Wire yes or no today," seem to me to be conclusive. The plaintiff's refusal to accede to his demand by telegraphing to him to turn over his goods, books, and papers to another was not a discharge. The defendant had already discharged himself by demanding a new contract on his own terms. Admittedly, he carried a side line during 1937, and since he left the employ of the plaintiff by his own act, he must repay the overdrafts for 1937 pursuant to the terms of the contract for that year.

Judgment for the plaintiff upon the third cause of action in the sum of $579.34, with interest from March 1, 1937. The first and second causes of action are dismissed. No costs or disbursements. Thirty days' stay and sixty days to make a case are granted.