**PLINER et al. v. NESVIG et al.**

**No. 265.**

District Court, W. D. Wisconsin.

Jan. 6, 1942.

John K. Kyle, of Whitewater, Wis., for plaintiffs.

Hill, Beckwith & Harrington and John T. Harrington, all of Madison, Wis., for defendants.

Alex Elson, Regional Atty., Wage and Hour Division, of Chicago, Ill., for Philip B. Fleming, amicus curiae.

STONE, District Judge.

In this action, plaintiffs, twenty-four in number, seek to recover from the defendants unpaid minimum wages and unpaid overtime compensation in the sum of $6,951.73, and an additional equal amount as liquidated damages pursuant to section 16(b) of the Fair Labor Standards Act of 1938 (29 U.S.C.A. § 206 et seq.)

The complaint alleges that the corporate defendant and the four individual defendants, doing business as partners, are all engaged in "the wholesale distribution in interstate commerce" of various food stuffs, including fresh meat, meat products, sea foods, fowl and quantities of lard and other cooking oils. That substantially all of the goods so distributed by defendants are shipped from points outside of the State of Wisconsin to the defendants' plant in Wisconsin, and sold by defendants in southern Wisconsin. That approximately forty men have been engaged in the wholesale marketing of such products for defendants since the effective date of the Fair Labor Standards Act, October 24, 1938. That substantially all the goods shipped to defendants' establishment from sources outside of Wisconsin were purchased by defendants "to fill orders secured by defendants from their customers prior to the receipt by defendants of said goods in their establishment". That the plaintiffs were engaged in different occupations intimately connected with the receipt, handling, and distribution of merchandise received by defendants from outside the state of Wisconsin and marketed within its borders. That the plaintiffs were engaged as delivery men, clerks, meat cutters, mechanics, and rendered various services to the defendants in the purchase, sale and delivery of merchandise by defendants in interstate commerce. That a part of their activities consisted of making out invoices, keeping records of sales and deliveries, wrapping, storing, preparing meat and other merchandise for delivery. That the plaintiffs and defendants were both engaged in interstate commerce.

The defendants have moved to dismiss plaintiffs' complaint on the ground that the complaint fails to show that the plain-

298

tiffs and defendants are engaged in interstate commerce or the production of goods for interstate commerce. Defendants contend that the complaint should set forth more factual allegations that plaintiffs and defendants are severally engaged in interstate commerce.

Rule 8 of the Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c provides that: "(e) (1) Each averment of a pleading shall be simple, concise, and direct."; and "(f) All pleadings shall be so construed as to do substantial justice."

Whether the plaintiffs or defendants are engaged in interstate commerce, whether the merchandise bought by the defendants and sold in Wisconsin actually "comes to rest" before redistribution in this state, whether the merchandise is actually marketed in the "original package" or delivered to defendants' customers pursuant to their pre-existing orders, can be resolved and determined by the Court only after a thorough knowledge of defendants' operation and the nature, kind, and extent of the services performed by plaintiffs in and about defendants' business. Whether a business is or is not of a purely local character, for the purpose of Federal regulation, can be determined only upon an examination of the actual facts. Whether defendants or plaintiffs are engaged in interstate commerce will be the important issue in this case, and the factual background and full proof concerning the nature of the defendants' business and employment of plaintiffs should be before the Court before it determines the rights of the parties in this controversy.

The required jurisdictional facts are alleged in the complaint. Circumstances which tend to prove the ultimate facts may be used as evidence, but have no place in the pleadings. McAllister v. Kuhn, 96 U.S. 87, 24 L.Ed. 615. Averment of all the minute circumstances which may be proved in support of a general statement in the complaint is unnecessary. A complaint must be liberally construed in favor of the pleader. Kuechler v. Volgmann, 180 Wis. 238, 192 N.W. 1015, 31 A.L.R. 826; Bechthold v. O. F. P. Investment Co., 221 Wis. 303, 266 N.W. 915.

The Court is satisfied that the complaint states a cause of action, and the defendants' motion to dismiss is denied.