UNION CENTRAL LIFE INSURANCE COMPANY, Appellant, v. BALISTRIERI, Respondent.

*February 5—March 5, 1963.*

For the appellant there was a brief by *Peter J. Panos* and *Sidney Spector,* both of Milwaukee, and oral argument by *Mr. Spector.*

For the respondent there was a brief by *Nicholas C. Catania* and *Dominic H. Frinzi*, both of Milwaukee, and oral argument by *Mr. Catania*.

BROWN, C. J. The law is well settled in Wisconsin, as in the majority of other states, that in the absence of a special agreement to make repayments there is no personal liability upon the part of an agent employed upon a commission basis to repay advances made to promote the venture or pursuant to terms of the contract of employment in excess of commissions earned. *Shaler Umbrella Co. v. Blow* (1929), 199 Wis. 489, 492, 227 N. W. 1; *Larson v. Watzke* (1935), 218 Wis. 59, 61, 259 N. W. 712; Anno. 165 A. L. R. 1367; Anno. 57 A. L. R. 33. Without specific provisions to the contrary the employer is limited to the commissions actually earned for the recoupment of the advances extended to the employee. *Shaler Umbrella Co. v. Blow, supra,* at page 492; *Larson v. Watzke, supra,* at page 61. If there is no express provision, it is not to be implied that the agent shall repay the excess of the advancements although the employment ceases. *Shaler Umbrella Co. v. Blow, supra,* at page 490; *Arbaugh v. Shockney* (1904), 34 Ind. App. 268, 71 N. E. 232, 72 N. E. 668.

Although the first paragraph of the receipt signed by Balistrieri states that the commissions and persistency allowances were to be retained by Central Life and applied in reimbursement of the advances and that the company was to have a lien on all the commissions and persistency allowances until the advances were repaid, it does not state the excess of the advances over credits was a personal debt owed by Balistrieri. Hence, during the period of employment Balistrieri was not personally liable to Central Life for the repayment of the advancements made in excess of credits.

By the terms of the second paragraph of the receipts, Balistrieri agreed if he engaged directly or indirectly in writ-

ing insurance within a prohibited time or territory, the excess of the advancements over the credits then "shall become a debt due and owing from the undersigned to said company." As the learned trial court said:

"The agreement does not provide for repayment by a discharged employee at all except if he violated this term and thus, it is an agreement that must comply with the requirements of the statute, 103.465 and the decisions of the court relating to contracts restricting employment in competition."

The agreement does not contain a promise by Balistrieri not to compete with Central Life. However, his agreement to repay the excess of the advances over credits as a debt if he did compete when he was under no previous obligation to repay them is a restrictive covenant. The payments are viewed as liquidated damages or as a penalty. 15 Am. Jur., Damages, pp. 693, 694, sec. 260; Anno. 9 A. L. R. 1481; Anno. 98 A. L. R. 988.

Sec. 103.465, Stats., provides as follows:

"RESTRICTIVE COVENANTS IN EMPLOYMENT CONTRACTS. A covenant by an assistant, servant, or agent not to compete with his employer or principal during the term of the employment or agency, or thereafter, within a specified territory and during a specified time is lawful and enforceable only if the restrictions imposed are reasonably necessary for the protection of the employer or principal. Any such restrictive covenant imposing an unreasonable restraint is illegal, void, and unenforceable even as to so much of the covenant or performance as would be a reasonable restraint."

"The titles to subchapters, sections, subsections, and paragraphs of the statutes are not part of the statutes." Sec. 990.001 (6), Stats.

Ignoring, then, the title of sec. 103.465, Stats., but reading the statute itself we see that a covenant between an employer and an employee that the latter will not compete with the employer during or after the term of employment during a specified time and within a specified area is valid only if the

restrictions imposed are reasonably necessary for the protection of the employer; otherwise the entire restrictive covenant is void.

In the usual case the employee has agreed not to compete within a certain area or within a certain time. Very clearly the facts of such usual cases are different from the facts in the present action. Here the defendant-employee made no agreement not to compete with his former employer nor is the employer asking the court to restrain defendant's activities. Nevertheless, in our view it is equally clear that the second paragraph of the instrument signed by the employee in consideration of receiving the advance imposes a penalty (liability for debt) if, and only if, the employee writes life insurance anywhere in the entire national area in which the employer is licensed to operate. Although the agreement is not expressed as a restriction against competition by the employee, its undoubted object and effect is that of a powerful deterrent to the employee's exercise of the right to compete, particularly where, as here, the penalty involved is a substantial sum of money.

We consider sec. 103.465, Stats., applicable.

Thus we come to the reasonableness of the restriction. The restriction with respect to the territorial limitation is that Balistrieri cannot engage in writing insurance in any state or territory in which Central Life is licensed to operate. As an employee of Central Life, Balistrieri confined his activities to Milwaukee county. He now claims, and it is not denied by Central Life, that the latter is licensed to operate in every state of the Union. Thus it is impossible for him to obtain employment in the United States similar to that which he had with Central Life without becoming liable for the repayment of the excess of the advances over credits. This restriction is clearly unreasonable for it is much greater than that required for the protection of Central Life, for

whose benefit the restriction was made, and it imposes an undue hardship upon Balistrieri. Therefore, the restrictive agreement by sec. 103.465, Stats., is void in its entirety and cannot be enforced. *Journal Co. v. Bundy* (1949), 254 Wis. 390, 395, 37 N. W. (2d) 89; *Milwaukee Linen Supply Co. v. Ring* (1933), 210 Wis. 467, 470, 246 N. W. 567; Restatement, 2 Contracts, p. 989, sec. 515 (a), (b).

*By the Court.*—Judgment affirmed.

CURRIE, J. (*dissenting*). I respectfully dissent from the court's opinion herein. If Balistrieri's contract of employment, as reflected in the written receipts which he executed to Union Central Life for the advancements he received, had provided that he would repay the amount by which his advances exceeded commissions at the time he quit his job, such provision would unquestionably have been valid and not against public policy. Nevertheless, such a provision would have restricted Balistrieri's freedom to seek other employment more than did the instant provision, which the court now holds invalid, because he could not have quit his job with Union Central Life without being liable to repay such amount.

Since an agreement to repay the amount by which advances exceed commissions at time one quits his job is valid and enforceable, it would seem that any agreement which requires such repayment only if the employee takes a job elsewhere in the same line of work within two years must of necessity also be valid.

I am authorized to state that Mr. Justice HALLOWS joins in this dissenting opinion.