VILLAGE OF WEST MILWAUKEE, Respondent, v. KLIX, Appellant.

*September 13—October 5, 1965.*

For the appellant there was a brief and oral argument by *Ben Lewis* of Milwaukee.

For the respondent there was a brief by *Allen J. Busby* and *Quarles, Herriott & Clemons,* attorneys, and *L. C. Hammond, Jr.,* and *John S. Holbrook, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Hammond.*

WILKIE, J. The sole issue presented on this appeal is whether appellant fulfilled the bond requirements of sec. 66.12 (2), Stats. This section provides in part:

"If the appeal is taken by the defendant he shall, as a part thereof, execute a bond to the city or village with surety, to be approved by the justice or judge, conditioned that if judgment be affirmed in whole or in part he will pay the same and all costs and damages awarded against him on such appeal. In case such judgment shall be affirmed in whole or in part execution may issue against both defendant and his surety."

Respondent contends that the circuit court did not have jurisdiction of the appeal [1] because the bond was deficient in two respects: (1) It was without surety and (2) it was not indefinite in amount. It is true that the statute expressly requires surety. But the purpose of the statute is to assure that the fine is paid and that the village is indemnified for

---

[1] *Nelson v. Eau Claire* (1921), 175 Wis. 387, 185 N. W. 168; *Drinkwine v. Eau Claire* (1892), 83 Wis. 428, 53 N. W. 673.

costs and damages should the judgment be affirmed. But the fine had already been paid and it is difficult to perceive of a more ironclad guarantee for the recovery of costs than cold hard cash. The statute does not specifically call for a bond which is indefinite in amount. There is nothing in the record indicating that the village thought the amount was inadequate. If that were the position of the village then it could have made that claim in connection with a motion to dismiss brought pursuant to sec. 269.51 (1), Stats.,[2] and pursuant to that section the circuit court could have ordered a change in the amount of the bond.

Under the circumstances there was substantial compliance[3] with the statute, and the circuit court had jurisdiction of the appeal.

*By the Court.*—Order reversed.

---

[2] Sec. 269.51 (1), Stats. ". . . If it shall appear upon the hearing of such motion that such appeal was attempted in good faith the court may allow any defect or omission in the appeal papers to be supplied, either with or without terms, and with the same effect as if the appeal had been originally properly taken."

[3] *Drinkwine v. Eau Claire, supra,* footnote 1, at page 429.