Carl R. 'Scacchetti, J.
In the instant action, the plaintiff seeks to recover from the defendant moneys allegedly due and owing it. This contended obligation is set out in the plaintiff’s moving papers as a promissory note, a copy of which is annexed and marked “ Exhibit A ”.
There is no dispute that the underlying obligation was cash paid to the defendant as a possible draw against commissions *357 which the defendant may have earned as a salesman while in the employ of the plaintiff.
The argument by the defendant is that the money is nonrecoverable because it is in fact a draw against commissions and cites cases for maintaining that position. (Northwestern Mut. Life Ins. Co. v. Mooney, 108 N. Y. 118; Posner v. Precision Shapes, 271 App. Div. 435; Kleinfeld v. Roburn Agencies, 270 App. Div. 509; Carter v. Bradlee, 245 App. Div. 49, affd. 269 N. Y. 664; Johnson v. Quayle & Son Corp., 236 App. Div. 351; Schwed v. E. N. Kennedy, Inc., 220 App. Div. 189; Pease Piano Co. v. Taylor, 197 App. Div. 468, affd. 232 N. Y. 504; Lobsitz v. Leffler, Thiele & Co., 140 App. Div. 14, affd. 206 N. Y. 703; Wolfsheimer v. Frankel, 130 App. Div. 853.)
This has long been the established rule in New York State. However, the parties involved in a draw against commission situation may, by their own actions, vary the stature of this type transaction. It is charged by counsel for the plaintiff that this is in effect what did transpire between the parties, as is evidenced by the promissory note.
Before going on to the other arguments posed by counsel, it is held by this court, that individuals may alter and modify the general prohibition of recovering draws given in contemplation of commissions (cf. Rice v. Roberts, 140 N. Y. S. 114; Farber v. Eisenhardt, 167 Misc. 725).
The other main point of contention attached to this ease is whether the plaintiff actually treated the moneys given to the defendant as a draw against commission or wages. Counsel for the defendant attaches a withholding statement of plaintiff’s company showing that tax withholding was paid by the plaintiff in the amounts claimed to be due it from the defendant. Under normal circumstances, this would prevail in the court’s mind that the parties intended to treat the contended amount as wages. However, in contravention of this position, the plaintiff submitted a letter from the Internal Revenue Service showing that by declaration, the Government takes a position that the plaintiff’s treatment of the amount of money given the defendant may be in accordance with the prior position stated, that being one of salesman for the plaintiff. The letter from the Internal Revenue Service goes on to infer that this position may be altered depending upon what exercise of control is maintained in the relationship between the plaintiff and defendant.
Since the court has already ruled that the parties may alter or modify the common-law liability regarding draws against commissions and further, that the Government through the *358 Internal Revenue 'Service allows such alteration and modification, the conclusions of the court are as follows: that the parties did in fact intend that the defendant would repay the plaintiff pursuant to the promissory note executed by him. Accordingly, the decision on the facts is that the plaintiff recover from the defendant the sum of $350, together with interest from November 19, 1971 at the rate of 7% together with $70 attorney’s fees.